**J. R. FLOWERS, Appellant,**

v.

**CENTRAL POWER & LIGHT CO. et al.,
Appellees.**

**No. 3540.**

Court of Civil Appeals of Texas.

Waco.

May 22, 1958.

Rehearing Denied June 26, 1958.

G. F. Steger, Columbus, for appellant.

H. K. Howard and J. M. Wilson, Corpus Christi, for appellee Central Power & Light Co.

Miller & Allen, Columbus, for appellee L. H. Sanders.

McDONALD, Chief Justice.

This is a suit for damages for malicious prosecution brought by J. R. Flowers as plaintiff against the Central Power & Light Company and L. H. Sanders, as defendants, claiming that defendants had maliciously caused the prosecution of plaintiff, and set in motion the machinery of the law so as to cause plaintiff to be indicted by the grand jury of Colorado County for "Receiving and Concealing Stolen Property", and to be tried for such offense. Plaintiff was acquitted, and in this suit seeks damages for his alleged malicious prosecution. Defendants filed motion for summary judgment under Rule 166-A, T.R.C.P., which was granted by the trial court, and plaintiff appeals.

Background of this case appears to be that the Central Power & Light Company's warehouse in Bay City was found to have missing several coils of wire. This information was furnished the authorities, who found the wire in Houston. It developed that two employees of Central Power & Light Company had stolen the wire and sold it to plaintiff Flowers, who in turn sold the wire in Houston. Flowers was indicted for receiving and concealing stolen property, and on the trial of the case was acquitted. He then filed the instant cause for damages, contending that his prosecution was maliciously caused by defendant Central Power & Light Company, acting through defendant L. H. Sanders, an em-

ployee of the Company, and one Clyde Nispel, another employee of the Company.

■ The elements necessary for a malicious prosecution action are: 1) The commencement of a criminal prosecution against plaintiff, 2) *which has been caused by the defendant or through defendant's aid or cooperation*, 3) which terminated in favor of the plaintiff; 4) that plaintiff was innocent; 5) that there was no probable cause for such proceeding; 6) that it was done with malice, 7) and resulted in damages to the plaintiff.

Defendants filed motion for summary judgment, in which they attempt to negate element 2 supra, that they caused or cooperated in the prosecution of plaintiff. Defendant Sanders' affidavit in support of defendants' motion for summary judgment says:

"I did not commence or prosecute any criminal charge or charges against J. R. Flowers, nor did I sign any criminal complaint charging him with an offense, nor did I solicit or procure or present any information or testimony to the Grand Jury of Colorado County, nor did I procure, present to or discuss with the County Attorney of Colorado County any matter or things connected with or related to the matters mentioned herein."

Defendants' motion for summary judgment is further supported by the affidavit of its local manager, Clyde Nispel, who says that he did not commence any criminal prosecution against plaintiff.

Plaintiff filed answer to the defendants' motion for summary judgment, in which he asserts that defendants' motion for summary judgment amounts to a mere denial under oath of plaintiff's cause of action, and sets out verbatim testimony of defendant Sanders given as a witness at the trial in which plaintiff herein was tried for receiving and concealing stolen property, as follows:

"Q. All right. Now did you have any property of your own stored in that warehouse? A. No, Sir.

"Q. All that property in there belonged to Central Power & Light Company, did it not? A. Yes, Sir.

"Q. Then when you instituted this action here you did it for the Central Power & Light Company, isn't that correct? A. That's right.

"Q. And when you filed a complaint in this case you filed it for the Central Power & Light Company, didn't you? A. Yes, sir."

Affidavits of plaintiff, the Court Reporter in the criminal trial, and plaintiff's attorney are to the effect that defendant Sanders testified as to the foregoing on the criminal trial.

The deposition of Deputy Sheriff M. H. Buller is likewise attached to plaintiff's opposition to defendants' motion for summary judgment. In his deposition Deputy Buller testifies that he went to the office of Clyde Nispel, local manager of Central Power & Light Company, and told him that the wire had been located in Houston and "asked him whether they were going to file charges or prosecute anyone for stealing the wire before we went to Houston. He said he didn't know, that he would have to call Corpus Christi. He called Corpus Christi and he told us to go ahead, that the Company would stand behind him in filing the charges against anybody stealing the wire."

Rule 166-A T.R.C.P. provides that the judgment sought shall be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, show that except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Such rule further provides that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall

show affirmatively that the affiant is competent to testify as to the matters stated therein.

■ In a summary judgment hearing the movant has the burden to prove clearly his right to summary judgment, and that there is no issuable fact in the case for determination. Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85.

Our Supreme Court, in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931, in discussing this rule, says:

"The duty of the court hearing the motion for summary judgment is to determine if there are *any* issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on affidavits. * * * 'The underlying purpose of Rule 166-A was elimination of patently unmeritorious claims or untenable defenses; *not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact.' The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' * * * (The court) accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position."* See also Trammell v. Trammell, 290 S.W.2d 324, 325, W/E Ref.

■ Keeping in mind the foregoing authorities, and reverting to the record in the instant case as made by the affidavits, we think there is an issuable fact as to whether defendant Sanders (the employee of defendant Central Power & Light Company) signed the complaint against plaintiff or otherwise caused or cooperated in the criminal prosecution of plaintiff. Sanders says in his affidavit that he did not. Plaintiff's affidavits reflect that on the criminal trial of plaintiff that Sanders testified that he did file the complaint and that he did it for the Central Power & Light Company.

■ Defendant earnestly contends that plaintiff's affidavits setting up the foregoing are hearsay and not competent evidence and should be stricken and not considered by this court. We think the foregoing are admissible in evidence as exception to the hearsay rule for several reasons: 1) Testimony given by a witness at a former trial of like issue is admissible to impeach the witness. 2) Admission or declaration of a party litigant against his interest is admissible though made by him when testifying as a witness in a former trial involving like issues. Defendant Sanders by affidavit testifies that he had nothing to do with the prosecution of plaintiff in the criminal case. Yet in the criminal case he swore it was he who filed the complaint. We know not the truth of the matter, but believe it would be manifestly unjust to exclude the affidavits as to his previous testimony, and moreover, believe that same are admissible in evidence here. Since same are admissible, a factual issue certainly is presented. Further to the foregoing, accepting as true all evidence which tends to support the opposing party's contention and giving him the benefit of every reasonable inference which can properly be drawn therefrom, a factual issue is made further by the deposition of Deputy Buller in rebuttal and impeachment of the affidavit of Central Power & Light Company's manager Nispel.

It follows that the cause should be reversed and remanded for trial upon its merits.

Reversed and remanded.

HALE, J., took no part in the consideration and disposition of this case.