Laura S. KIRKLAND, Appellant,

v.

William A. PITTENGER, Executor, et al.,
Appellees.

No. 3996.

Court of Civil Appeals of Texas.

Waco.

April 19, 1962.

Rehearing Denied May 10, 1962.

McNicholas & Schmolder, Dallas, for appellant.

Hassell & Hassell, W. D. Riley, Jr., Dallas, for appellees.

McDONALD, Chief Justice.

This is an appeal from a summary judgment finding legal title to 240 shares of Sharp and Company stock in plaintiffs, and further finding that a certain $6000. debt owing defendant secured by such stock had been paid. Plaintiffs, (the Executor and heirs of the Estate of Burt Pittenger), filed this suit for title to 240 shares of stock, and to declare the indebtedness of $6000. owing by Burt Pittenger to defendant to be paid. Defendant answered that the $6000. debt had not been paid and cross acted for the stock. The stock was issued to Pittenger but was endorsed in blank by him and attached to an informal agreement signed by Pittenger and defendant, which reflected that the stock was security for a $6000. loan from defendant to Pittenger. (Pittenger is dead).

Plaintiffs filed motion for summary judgment asserting as a matter of law that defendant had been paid the $6000. indebtedness owed her by Pittenger; and attached thereto affidavit of O. E. Mitchell which stated that Mitchell knew the parties; that he knew the signatures on the surety agreement to be those of Pittenger and defendant; that he had examined certain checks payable to defendant and signed by deceased Pittenger (which he attached); that such checks were cashed by defendant; that such checks added up to $8363.65.

Defendant filed answer to motion for summary judgment, alleging that the $6000. debt was still owing by deceased's estate; and attached defendant's affidavit thereto which stated that the $6000. debt was still owing by deceased's estate; and that the monies paid by defendant were for "services performed."

In such state of the record the Trial Court entered summary judgment finding that the $6000. debt owing to defendant had been paid, and declaring title to the 240 shares of stock in plaintiffs.

It is undisputed that the stock certificate was signed in blank, as security for $6000. loaned to deceased by defendant. It is undisputed that defendant received some $8400. from the deceased subsequent to making the loan. Defendant's affidavit is that the $6000. is still owing, and that the monies paid her by deceased were for "services performed".

We think the foregoing a fact question which cannot be resolved by summary judgment, and upon which defendant is entitled to go to the trier of fact. As a matter of fact, plaintiff's affidavit and motion does not say the $8400. paid by deceased to defendant was in repayment of the $6000. loan. Showing that deceased paid defendant amounts in excess of the $6000. loan cannot constitute a basis for summary judgment in the face of defendant's affidavit that the $6000. debt here involved is still owing, and that the monies that were paid were for services performed. This simply makes for a fact issue the trier of fact must resolve. See: Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Flowers v. Central Power & Light Co., (n. r. e.) Tex.Civ.App., 314 S.W. 2d 373.

The judgment appealed from is reversed and the cause remanded for trial upon its merits.

Reversed and remanded.