Troy Alvie LEATHERS, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 4245.

Court of Civil Appeals of Texas.
Waco.

June 18, 1964.

Rehearing Denied July 16, 1964.

James F. Greer, Dunnam & Dunnam, Waco, for appellant.

Jones, Boyd, Westbrook & Lovelace, Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal from a Summary Judgment that plaintiff take nothing, in a Workmen's Compensation case.

Plaintiff alleges that he was injured by a switch blowing up in his face on *November 11, 1954*; and that such injury caused him to have severe dizzy spells commencing about 6 months after the accident, and which resulted in total and permanent incapacity thereafter. Plaintiff filed his claim with the Board on *July 25, 1962*.

Plaintiff alleged that "at the time of said injuries and up until the time he began having dizzy and blackout spells, he believed and was informed by physicians that he had no injury of any serious or disabling nature, and upon the outset of said dizzy and blackout spells up until a few days before the filing of his claim herein, he believed and was informed by physicians that said dizzy and blackout spells were caused by a heart condition which was congenital and had no connection with said injuries, and upon finding out otherwise a few days prior to the filing of his claim herein, he immediately contacted attorneys and they immediately prepared his claim and filed same * * * and all of the above facts constituted and are good cause for not filing said claim until the date that same was filed."

Defendant insurance company answered, denying that plaintiff had good cause for failing to file his claim within 6 months, as required by the Workmen's Compensation Act.

Defendant thereafter filed Motion for Summary Judgment, asserting there was no genuine issue as to any material fact, and that from the pleadings and depositions on file, plaintiff was as a matter of law, without good cause, in failing to file his claim within 6 months from the date of injury.

The Trial Court granted such motion and entered judgment that plaintiff take nothing.

Plaintiff appeals, contending the Trial Court erred in granting defendant's Motion for Summary Judgment.

The record consists of the pleadings, motion, judgment and the depositions of Dr. Dulaney and the plaintiff.

Dr. Dulaney's deposition reflects that plaintiff was injured November 11, 1954 when an electric switch blew up; that plaintiff was treated at Hillcrest Hospital by Dr. Marstaller; that thereafter, in January, 1962, plaintiff was treated for blackout spells by Dr. Wooley, and that Dr. Dulaney saw plaintiff in March, 1962 as a followup on the blackout spells, and a heart abnormality that plaintiff had developed.

Plaintiff's deposition reflects that he had a 7th grade education; that he went to work at Universal Atlas Cement Plant in 1950; that on November 11, 1954, while on the job, an electric switch blew up in his face; knocked him to the floor and burned his face; that he was taken to Hillcrest Hospital, treated and left overnight; that he went back to work the following afternoon; that afterwards he was

off work with a fainting spell; that he went to Dr. Marstaller; that Dr. Marstaller said he had a light heart condition; that he had dizzy spells once or twice a month from the latter part of 1954 on; that he was laid off by Universal Atlas in July, 1962; that thereafter his brother told him there might be a connection between his blackout spells and his 1954 accident; that he went to a lawyer the next day or so after talking to his brother; that before his brother told him, no one had ever told him or caused him to believe the 1954 accident had anything to do with the blackout or dizzy spells; that he never had any reason to believe that they had until that time; and that he had relied on what the doctor had told him.

[▇] It is the duty of the court hearing a Motion for Summary Judgment to determine if there are *any* issues of fact to be tried, and not *weigh* the evidence or determine its credibility. The underlying purpose of Rule 166–A is elimination of patently unmeritorious claims or untenable defenses; *it not being intended to deprive litigants of their right to a full hearing on the merits of any issue of fact. The burden of proving there is no genuine issue of any material fact is upon the movant, and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. The court accepts as true, all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position.* Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Tigner v. 1st Nat. Bank, 153 Tex. 69, 264 S.W.2d 85; Flowers v. Central Power & Light, C.C.A. (n. r. e.), 314 S.W.2d 373; Gaines v. Hamman, Sup. Ct., 358 S.W.2d 557.

The issue here made is whether or not plaintiff had good cause in failing to file his claim within 6 months after the date of his injury.

The existence or non-existence of good cause in failing to file claim within 6 months after injury is generally a fact issue. Hawkins v. Safety Cas. Co., 146 Tex. 381, 207 S.W.2d 370. The foregoing case holds that no set rule can be established for measuring diligence in filing of the claim, and that each case must rest upon its own facts; that the delay in filing is an element of prudence to be considered by the trier of facts in determining the question of good cause.

The bona fide belief by claimant that his injuries were not serious is sufficient to constitute good cause for delay in filing of claim; and we think plaintiff's belief that his injuries were not connected with his accident in 1954, but rather were caused by his heart, makes for an issue of fact as to whether or not good cause existed in not filing his claim within the 6 months. See Texas Cas. Ins. Co. v. Crawford, C.C.A. (n. w. h.) 340 S.W.2d 110; Texas. Emp. Ins. Ass'n. v. Fowler, C.C.A., W/E Ref., 140 S.W.2d 545.

In the instant case plaintiff pleads that he didn't know his injuries were serious up until the onset of the dizzy and blackout spells; and that after the onset of his dizzy and blackout spells he believed and was informed by his doctor that such were caused by a heart condition. The deposition of Dr. Dulaney contributes nothing on the issue of good cause; and plaintiff's deposition, we think, supports plaintiff's assertion of good cause. There is no deposition or affidavit negating plaintiff's assertions of good cause. If any conflicting inferences may be drawn, then a fact issue is presented. Gaines v. Hamman, supra.

We think that under the record here, reasonable minds could differ on whether plaintiff had good cause to delay filing his claim, and that it is a question for the trier of fact to determine, and cannot be resolved by summary judgment.

Reversed and remanded.