**Peggy Ledesma ROGERS, Petitioner,**

v.

**Thomas E. SEARLE et ux., Respondents.**

**No. B–5915.**

Supreme Court of Texas.

Nov. 10, 1976.

Rehearing Denied Dec. 8, 1976.

Roy Ahrens, Houston, for petitioner.

James G. Lempert, Houston, for respondents.

DOUGHTY, Justice.

The parent-child relationship in this case was terminated by a juvenile court in Harris County, and petitioner sought by equitable bill of review to vacate the judgment of termination. After petitioner rested and before respondents offered any evidence, the trial court, acting on respondents' motion for directed verdict which alleged as a ground therefor that petitioner had not made a prima facie case, withdrew the case from the jury and dismissed the bill of review. The court of civil appeals affirmed. 533 S.W.2d 433. We reverse the court of civil appeals and remand the cause to the trial court.

It is undisputed in this case that petitioner, Peggy Ladesma Rogers, was the mother of Scott Anthony Rogers, a male child born February 6, 1973; that petitioner executed a purported affidavit of relinquishment of parental rights which contained an appointment of respondents, Thomas Eric Searle and wife, Lillian Ruth Searle, managing conservators of the child. The affidavit also contained a waiver of citation.

The judgment of termination of parental rights between petitioner and her child was rendered on December 9, 1974, and although not introduced into evidence at the hearing on petitioner's motion for bill of review, the parties and the court of civil appeals treated it as a valid judgment on its face.

Subsequent to the rendition of the judgment of termination, petitioner was allowed to visit the child until December 24, 1974, at which time Mrs. Searle refused to allow further visitations. No explanation of this refusal was given. Petitioner Rogers did not appear at the trial for termination of parental rights and testimony indicated that it was not until January 7, 1975, when petitioner's husband inquired at the courthouse, that petitioner learned of the termination of her parental rights.

On January 15, 1975, petitioner filed an equitable bill of review, therein alleging a meritorious defense to the termination proceeding which she was prevented from presenting due to extrinsic fraud on the part of respondents; that she was not negligent in not presenting such defense, nor was she guilty of lack of diligence, and that no other remedy was available to her.

The question to be decided is whether there is evidence in the record to raise a fact issue whether respondents fraudulently induced petitioner to execute the affidavit.

It is undisputed that petitioner executed the affidavit in question, but she contends that respondents' fraudulent actions amounted to extrinsic fraud and induced her to execute it.

At trial, petitioner was asked the following questions and gave the following answers:

Q . . . Is there anything that the Searles or their attorney or any agent for them specifically did to mislead you in your interpretation of this instrument?

A Yes, sir. The lawyer said when I signed that I would have to sign my rights away as far as them being guardians, but that I was not signing adoption papers, and this is what I firmly believed.

\* \* \* \* \* \*

Q What did they always tell you they were going to be?

A Well, they couldn't adopt him so I gathered they would be the guardians. Yes, they had to be guardians. That's what they said.

These answers are direct evidence raising an issue of fact as to fraudulent representations made to petitioner by respondents to induce her to execute the affidavit of relinquishment and waiver of citation, and without which inducement petitioner would not have executed the instrument. R. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361, 363 (1960).

■ In passing on the propriety of a directed verdict the court is required to review the evidence and the inferences therefrom in the light most favorable to the petitioner, the losing party in the trial court, and to disregard all evidence and inferences adverse to petitioner. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970); *Triangle Motors v. Richmond*, 152 Tex. 354, 258 S.W.2d 60 (1953).

■ We hold that petitioner introduced evidence of extrinsic fraud in the trial court sufficient to raise a fact issue before the jury as to whether respondents made untrue statements to her for the purpose of inducing her to execute the affidavit of relinquishment, and as to whether she executed it because of those statements, and that the trial court abused its discretion in dismissing petitioner's bill of review. No question has been raised as to the sufficiency of the other elements of proof required in a bill of review. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950); *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964); *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965); *Gracey v. West*, 422 S.W.2d 913 (Tex.1968); *French v. Brown*, 424 S.W.2d 893 (Tex. 1967).

The disposition we have made of the evidentiary point makes it unnecessary to consider petitioner's other points.

The judgments of the trial court and the court of civil appeals are reversed and the cause is remanded to the trial court.

Dissenting opinion by GREENHILL, C. J., in which SAM D. JOHNSON, J., joins.

GREENHILL, Chief Justice (dissenting).

I regard the testimony set out in the Court's opinion as being only a scintilla of evidence of fraud on the part of the Searles or their counsel.

I agree with the judgments of the trial court and of the Court of Civil Appeals and with the opinion of the Court of Civil Appeals. 533 S.W.2d 433.

SAM D. JOHNSON, J., joins in this dissent.