Louis Dugas, Jr., Orange, for appellant.

Thomas G. King, Beaumont, for appellees.

Larry Lee **STRINGER**, Appellant,

v.

**A. A. CROSS et al., Appellees.**

No. 8081.

Court of Civil Appeals of Texas, Beaumont.

Feb. 16, 1978.

KEITH, Justice.

Plaintiff appeals from an adverse judgment entered in his suit for malicious prosecution. At the close of the evidence the trial court granted defendants' motion for peremptory instruction and we will speak of the parties as they were designated in the trial court.[1]

Early in the morning of January 17, 1975, a large group of men engaged in a mass attack upon persons employed on a construction project near Port Arthur where Cross Construction Company was performing work for the United States Army, Corps of Engineers. Cross was injured in the

---

1. Plaintiff sued A. A. Cross, individually, and joined Cross Construction Company, Inc., as a defendant. All of the acts charged were done by Mr. Cross and he testified that he was president of the corporation. Our reference to defendant will, therefore, include both defendants although only a singular reference will be made.

melee and property belonging to the corporation was damaged or destroyed. The injuries Cross received necessitated his hospitalization and treatment. No criminal charges were filed immediately against any person by reason of the riot.

In April, 1975, Cross was interrogated by Captain White of the Sheriff's office and shown several pictures of unidentified persons and he signed an affidavit to the effect that one of the pictures was that of a man who was engaged in the riot at the construction site in January. Cross did not know plaintiff nor did he know the name of the person whose picture he was shown. Captain White prepared an affidavit which Cross signed including plaintiff's name as the person shown in the picture.

Subsequently, Captain White went before the grand jury in Jefferson County and the jury returned an indictment charging plaintiff and several other individuals with the offense of riot as defined in *Tex. Penal Code Ann. art. 42.02 (1974)*, because of their activities on January 17, 1975. Defendant Cross did not appear before the grand jury and there is no testimony that his affidavit given to White was exhibited to the grand jury before the indictment was returned.

Plaintiff having an alibi—being at work for another employer in an adjacent county at the time of the riot—brought suit against defendants for malicious prosecution. Early in the discovery process, and before the trial of the criminal case, it was learned that Cross had mistakenly identified plaintiff as having been at the scene and participating in the riot. At the trial, the criminal charge was dismissed.

Plaintiff does not contend that Cross entertained any specific malice against him nor does he contend that Cross even knew him or his name before the giving of the affidavit to the deputy sheriff.

Plaintiff's single point of error, reproduced in the margin[2] is extremely vague; but, considering the argument thereunder and the liberality of the briefing rules, we

meet and decide such point. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943), reaffirmed in *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112, 113 (Tex.1976).

■ Our review will be under the rule laid down in *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649, 650 (Tex.1976), and *Rogers v. Searle*, 544 S.W.2d 114, 115 (Tex. 1976). Thus, we review the evidence and the inferences therefrom in the light most favorable to the losing party in the trial court and disregard all evidence and inferences adverse to him. Our review will be under the usual standards in order to determine the factual sufficiency and legal sufficiency of the evidence. *Meadows v. Green*, 524 S.W.2d 509, 510 (Tex.1975).

■ Having reviewed the evidence under these standards, we affirm the judgment of the trial court for the reasons now to be stated.

At the outset, we note that actions for malicious prosecutions have never been favored in the law. Chief Justice Williams in *Parker v. Dallas Hunting and Fishing Club*, 463 S.W.2d 496, 499 (Tex.Civ.App.—Dallas 1971, no writ), quoted from an early case and cited several more recent cases supporting this statement of the law. See also *Green v. Meadows*, 517 S.W.2d 799, 802 (Tex.Civ.App.—Houston [1st Dist.] 1974), reversed on other grounds, 524 S.W.2d 509 (Tex.1975). We follow the rationale of the rule so enunciated in *Parker*.

We find no evidence of malice in the record; instead, as the assistant district attorney who prosecuted the case against the remaining defendants testified: "I didn't find Mr. Cross to be overly cooperative." Admittedly, Cross was mistaken in his identification of plaintiff as being involved in the rioting; but, this does not establish malice. As stated in *Yianitsas v. Mercantile National Bank at Dallas*, 410 S.W.2d 848, 851 (Tex.Civ.App.—Dallas 1967, no writ):

**2.** "The Court erred in sustaining Appellees' Motion for an instructed verdict, the evidence adduced by Appellant having raised issues

which would support a jury finding that Appellee A. A. Cross was guilty of malicious prosecution."

"Moreover, the undisputed evidence in the record before us shows quite clearly that Mrs. Hilton [substitute *Cross*] was not actuated by malice or any other 'sinister motive' in doing what she did. She had no ill will toward appellant and had no reason to have. She did not even know him and, as far as she knew, had never seen him before."

See also *Deaton v. Montgomery Ward & Co.*, 159 S.W.2d 969, 972 (Tex.Civ.App.—Beaumont 1942, writ ref'd w. o. m.); *Montgomery Ward & Co. v. Kirkland*, 225 S.W.2d 906, 910 (Tex.Civ.App.—San Antonio 1949, writ ref'd n. r. e.). See also Annotation, "Malicious Prosecution—Mistaken Identity", *66 A.L.R.3d 10 (1975)*, and Annotation, "Malicious Prosecution—Identity", *43 A.L. R.2d 1048 (1955)*.

In *Flowers v. Central Power & Light Co.*, 314 S.W.2d 373, 375 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.), the Court wrote:

"The elements necessary for a malicious prosecution action are: 1) the commencement of a criminal prosecution against plaintiff, 2) which has been caused by the defendant or through defendant's aid or cooperation, 3) which terminated in favor of the plaintiff; 4) that plaintiff was innocent; 5) that there was no probable cause for such proceeding; 6) that it was done with malice, 7) and resulted in damages to the plaintiff." (emphasis omitted)

See also *K-Mart No. 4195 v. Judge*, 515 S.W.2d 148, 151 (Tex.Civ.App.—Beaumont 1974, writ dism'd), and authorities therein cited.

There being no evidence of at least one of the essential elements necessary to support a recovery (No. 6 in *Flowers*, supra), the trial court properly instructed the jury to return a verdict for defendant and that judgment is now AFFIRMED.