# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00279-CV

**Neisha Jones, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. FM007061, HONORABLE PETER M. LOWRY, JUDGE PRESIDING**

------------------------------
**DISSENTING OPINION**
------------------------------

By considering only that testimony favorable to Jones=s contentions, the majority concludes that Jones established a *prima facie* meritorious defense. This Court=s review of the evidence, however, is not so limited. After examining Jones=s evidence, I would conclude that she failed to establish her *prima facie* meritorious defenseCthat her defense is not barred as a matter of law and that she would be entitled to judgment at a new trial if the Department of Protective and Regulatory Services offered no contrary evidenceCand that the district court correctly dismissed her bill of review. Because the majority misconstrues the appropriate showing required to obtain a bill of review, I respectfully dissent.

A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to motion for new trial. Rule 329b(f) of the Texas Rules of Civil Procedure provides that A[o]n expiration of the time

within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause . . . .@ Tex. R. Civ. P. 329b(f).  The Asufficient cause@ upon which a judgment may be set aside on bill of review is narrowly construed because of the fundamental policy that judgments must become final at some point.  *See Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987).  At the pre-trial hearing, then, the complainant must present *prima facie* proof of the alleged meritorious defense.  *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979).  A meritorious defense is established only by adducing sufficient competent evidence to show both that the complainant=s defense is not barred as a matter of law *and* that she would Abe entitled to judgment on retrial if no evidence to the contrary is offered.@  *Id.  Prima facie* proof may include Adocuments, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion.@ *Id.*

It is incumbent on this Court to determine whether the evidence supporting the motion is both competent and sufficient to sustain the claimant=s burden of establishing her *prima facie* case.  The only evidence Jones offered at the hearing was her own testimony.  Jones testified both that, but for the Department=s promise to place her child with her cousin she would not have signed the affidavit of relinquishment, *and* she knew that her child could potentially be placed with someone she did not know.  In concluding that the trial court erred in dismissing Jones=s bill of review petition, the majority considers only that portion of Jones=s testimony tending to support her claim of fraud.  Because Jones=s testimony is internally inconsistent on a matter upon which her underlying claim depends, it cannot constitute sufficient probative evidence to adequately establish a *prima facie* showing of fraud.

Although Jones may have convinced herself that the Department would ultimately place her child with her cousin, her testimony reveals that, before signing the affidavit of relinquishment, Jones was aware that her cousin might not meet the Department=s qualifications for home placement and the child might be permanently placed in the home of someone she did not know. Jones=s own testimony undercuts the underlying basis of her fraud claim, *i.e.*, that the Department fraudulently procured her affidavit of relinquishment by promising to place her child with a family member.[1] It is axiomatic that such internally inconsistent testimony is not competent evidence and would be insufficient, were the case sent back for a new trial, to support a finding of fraud by a reasonable fact finder. *Cf. Rogers v. Searle*, 544 S.W.2d 114, 115 (Tex. 1976) (finding claimant=s uncontradicted assertion that she believed she was signing papers of guardianship, not adoption, sufficient to establish a defense of fraud). Because Jones could not prevail in a new trial on the evidence she presented at the hearing, she failed to meet the minimal showing required to establish her *prima facie* case. *See id.*

---

[1] Jones=s defense of fraud rests primarily upon her assertion that she would not have signed the affidavit of relinquishment without the Department=s promise to place her child with her cousin. Significantly, Jones does not allege, nor does her testimony establish, that the Department=s representations pertaining to the termination of Jones=s parental rights were in any way untrue. *See S.A.S. v. Catholic Family Servs., Inc.*, 613 S.W.2d 540, 542 (Tex. App.CAmarillo 1981, no writ) (AThe affidavits merely recite the sequence of events; they do not evidence fraud, misrepresentation, overreaching or the like . . . .@).

Based on a review of the evidence before the district court, I would hold that Jones=s evidence is insufficient to establish her *prima facie* meritorious defense.  Because I conclude that Jones did not satisfy the requirements that would entitle her to a new trial, I would affirm the district court=s judgment.  Accordingly, I respectfully dissent.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Filed:   August 30, 2002

Publish