TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00279-CV






Neisha Jones, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. FM007061, HONORABLE PETER M. LOWRY, JUDGE PRESIDING








DISSENTING OPINION






 By considering only that testimony favorable to Jones's contentions, the majority
concludes that Jones established a prima facie meritorious defense. This Court's review of the
evidence, however, is not so limited. After examining Jones's evidence, I would conclude that she
failed to establish her prima facie meritorious defense--that her defense is not barred as a matter of
law and that she would be entitled to judgment at a new trial if the Department of Protective and
Regulatory Services offered no contrary evidence--and that the district court correctly dismissed her
bill of review. Because the majority misconstrues the appropriate showing required to obtain a bill
of review, I respectfully dissent.

 A bill of review is an independent equitable action brought by a party to a former
action seeking to set aside a judgment which is no longer appealable or subject to motion for new
trial. Rule 329b(f) of the Texas Rules of Civil Procedure provides that "[o]n expiration of the time
within which the trial court has plenary power, a judgment cannot be set aside by the trial court
except by bill of review for sufficient cause . . . ." Tex. R. Civ. P. 329b(f). The "sufficient cause"
upon which a judgment may be set aside on bill of review is narrowly construed because of the
fundamental policy that judgments must become final at some point. See Transworld Fin. Servs.
Corp. v. Briscoe, 722 S.W.2d 407, 407 (Tex. 1987). At the pre-trial hearing, then, the complainant
must present prima facie proof of the alleged meritorious defense. Baker v. Goldsmith, 582 S.W.2d
404, 409 (Tex. 1979). A meritorious defense is established only by adducing sufficient competent
evidence to show both that the complainant's defense is not barred as a matter of law and that she
would "be entitled to judgment on retrial if no evidence to the contrary is offered." Id. Prima facie
proof may include "documents, answers to interrogatories, admissions, and affidavits on file along
with such other evidence that the trial court may receive in its discretion." Id.

 It is incumbent on this Court to determine whether the evidence supporting the
motion is both competent and sufficient to sustain the claimant's burden of establishing her prima
facie case. The only evidence Jones offered at the hearing was her own testimony. Jones testified
both that, but for the Department's promise to place her child with her cousin she would not have
signed the affidavit of relinquishment, and she knew that her child could potentially be placed with
someone she did not know. In concluding that the trial court erred in dismissing Jones's bill of
review petition, the majority considers only that portion of Jones's testimony tending to support her
claim of fraud. Because Jones's testimony is internally inconsistent on a matter upon which her
underlying claim depends, it cannot constitute sufficient probative evidence to adequately establish
a prima facie showing of fraud.

 Although Jones may have convinced herself that the Department would ultimately
place her child with her cousin, her testimony reveals that, before signing the affidavit of
relinquishment, Jones was aware that her cousin might not meet the Department's qualifications for
home placement and the child might be permanently placed in the home of someone she did not
know. Jones's own testimony undercuts the underlying basis of her fraud claim, i.e., that the
Department fraudulently procured her affidavit of relinquishment by promising to place her child
with a family member. (1) It is axiomatic that such internally inconsistent testimony is not competent
evidence and would be insufficient, were the case sent back for a new trial, to support a finding of
fraud by a reasonable fact finder. Cf. Rogers v. Searle, 544 S.W.2d 114, 115 (Tex. 1976) (finding
claimant's uncontradicted assertion that she believed she was signing papers of guardianship, not
adoption, sufficient to establish a defense of fraud). Because Jones could not prevail in a new trial
on the evidence she presented at the hearing, she failed to meet the minimal showing required to
establish her prima facie case. See id.

 Based on a review of the evidence before the district court, I would hold that Jones's
evidence is insufficient to establish her prima facie meritorious defense. Because I conclude that
Jones did not satisfy the requirements that would entitle her to a new trial, I would affirm the district
court's judgment. Accordingly, I respectfully dissent.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Filed: August 30, 2002

Publish

1.    Jones's defense of fraud rests primarily upon her assertion that she would not have signed the
affidavit of relinquishment without the Department's promise to place her child with her cousin. 
Significantly, Jones does not allege, nor does her testimony establish, that the Department's
representations pertaining to the termination of Jones's parental rights were in any way untrue. See
S.A.S. v. Catholic Family Servs., Inc., 613 S.W.2d 540, 542 (Tex. App.--Amarillo 1981, no writ)
("The affidavits merely recite the sequence of events; they do not evidence fraud, misrepresentation,
overreaching or the like . . . .").