Affirmed and Memorandum Opinion filed March 23, 2006









Affirmed and Memorandum Opinion filed March 23, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-00-01517-CV

_______________

 

CLAUDE HUGH LLOYD, JR. AND CASSONDRA JEAN LLOYD,
Appellants

 

V.

 

CROSBY INDEPENDENT SCHOOL
DISTRICT, LINDA LLOYD PETERS, 

MARY BETH LLOYD, HARRIS COUNTY, HARRIS COUNTY
EDUCATION DEPARTMENT, PORT OF HOUSTON OF HARRIS COUNTY AUTHORITY, 

HARRIS COUNTY FLOOD CONTROL DISTRICT, 

HARRIS COUNTY HOSPITAL DISTRICT, AND 

HARRIS COUNTY EMERGENCY SERVICE DISTRICT NO. 5,
Appellees

_______________________________________________

 

On Appeal from 157th District Court

Harris County, Texas

Trial Court Cause No. 89‑38700

_______________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Claude
Hugh Lloyd, Jr. and Cassondra Jean Lloyd (the ALloyds@) appeal an order denying their
motion for a bill of review on numerous grounds.  We affirm.








In
1989, Crosby Independent School District filed this suit for delinquent taxes
against Claude Hugh Lloyd, Jr. and Cassondra Jean Lloyd, Linda Lloyd Peters,
and Mary Beth Lloyd Angel,[1]
in which Harris County, Harris County Education Department, Port of Houston of
Harris County Authority, Harris County Flood Control District, Harris County
Hospital District, and Harris County Emergency Service District No. 5
(collectively Aappellees@) intervened.  In 1996, the trial court entered a judgment
awarding recovery to appellees.  In
October of 2000, almost four years later,[2]
the Lloyds filed a motion for bill of review, seeking to vacate the 1996
judgment.  The trial court held a hearing
on the motion and denied the bill of review in November of 2000.[3]








A
bill of review is an equitable proceeding to set aside a judgment that is not
void on the face of the record but is no longer appealable or subject to a motion
for new trial.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S.
1030 (2004).  Thus, with exceptions not
applicable here,[4]
a bill of review petitioner must ordinarily plead and prove: (1) a meritorious
defense[5]
to the cause of action alleged to support the original judgment, (2) that the
petitioner was prevented from making by the fraud, accident or wrongful act of
his or her opponent, (3) unmixed with any fault or negligence on his or her own
part.  Caldwell v. Barnes, 154
S.W.3d 93, 96 (Tex. 2004).  A bill of
review petitioner must present prima facie proof of a meritorious defense in
order for the trial court to conduct a trial on the remaining elements.  Id. at 97.  A trial court=s denial of a bill of review is
reviewed for abuse of discretion.  See
Rogers v. Searle, 544 S.W.2d 114, 115 (Tex. 1976). 

In
this case, because the issues discussed in the Lloyds=s brief do not mention or address any
of the elements of a bill of review, let alone demonstrate that any were
satisfied, their brief affords no basis to conclude that the trial court
erred in denying the bill of review.  Accordingly,
the Lloyds=s issues are overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed March 23, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

 

 











[1]           Linda
Lloyd Peters and Mary Beth Lloyd Angel are not parties in this appeal.





[2]           A bill
of review must be filed within four years of the rendition of judgment.  See Tex.
R. Civ. P. 329b(f); Tex. Civ.
Prac. & Rem. Code Ann. ' 16.051
(Vernon 1997); Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998). 





[3]           This
case was abated from 2001 to 2005 because Claude Hugh Lloyd, Jr.
petitioned for voluntary bankruptcy in the United States Bankruptcy Court.





[4]           If the
petitioner was not served, constitutional due process relieves him of showing a
meritorious defense and that the other party=s fraud,
accident or wrongful act prevented him from presenting such a defense, but he
must still prove that the judgment was rendered unmixed with any fault or
negligence of his own.  Caldwell
v. Barnes, 156 S.W.3d 93, 96-7 (Tex. 2004).





[5]           A
party establishes a meritorious defense when it proves that: (1) its defense is
not barred as a matter of law, and (2) it will be entitled to judgment on
retrial if no evidence to the contrary is offered.  Baker v. Goldsmith, 582 S.W.2d 404,
408-09 (Tex. 1979).