Mary Lou THOMPSON, Appellant,

v.

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES and William F. Orson, Appellees.

No. 08–03–00081–CV.

Court of Appeals of Texas, El Paso.

Nov. 6, 2003.

Robert V. Garcia, Jr., Odessa, for appellant.

Lana Shadwick, Texas Department of Protective & Regulatory Services, Houston, for appellees.

Mark Hooper, Andrews, for ad litem.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

This is an appeal from the trial court's denial of a bill of review following the termination of Mary Lou Thompson's parental rights. In March 2001, the Texas Department of Protective and Regulatory Services filed an original petition for protection of her three minor children, for conservatorship and for termination of the parent-child relationship. Thompson was represented by court-appointed counsel and following a jury trial in early 2002, her parental rights were terminated. During the course of the trial, the children's biological father executed a voluntary relinquishment.

Robert Garcia was appointed by the court to represent Thompson in the direct appeal. Unaware of recent legislative amendments requiring accelerated appeals in termination cases,[1] Garcia filed the notice of appeal one day late. We found the notice to be untimely and dismissed the appeal for want of jurisdiction. Thompson then filed a petition for bill of review which was denied by the trial court. She now brings one issue on appeal, complaining that the trial court erred in denying relief. For the reasons that follow, we affirm.

## NATURE OF A BILL OF REVIEW

■ A bill of review is an independent action that a party to a previous suit brings in order to set aside a prior judgment that is no longer appealable or subject to the trial court's plenary power. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979); *Chandler v. Chandler*, 991 S.W.2d 367, 392 (Tex.App.-El Paso 1999,

1. *See* TEX.FAM.CODE ANN. §§ 109.002 (Vernon 2002), Acts 2001, 77th Leg., R.S., ch. 421, § 1, 2001 TEX.GEN.LAWS 806, eff. Sept. 1, 2001; Acts 2001, 77th Leg., R.S., ch. 539, § 2, 2001 TEX.GEN.LAWS 1017, eff. Sept. 1, 2001; TEX.

FAM.CODE ANN. § 263.405(a)(Vernon 2002), Acts 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 TEX.GEN.LAWS 2396, eff. Sept. 1, 2001. The notice of appeal was filed after the effective date of the statutes.

pet. denied). After the expiration of plenary power, the trial court cannot set aside a judgment except by bill of review for sufficient cause, filed within the time allowed by law. Tex.R.Civ.P. 329b(g); *Chandler*, 991 S.W.2d at 392. To be successful in a bill of review, the plaintiff must allege and prove:

- a meritorious defense to the cause of action alleged to support the judgment,
- which fraud, accident, or the opposing party's wrongful act prevented her from presenting,
- without any fault or negligence of her own.

*Baker*, 582 S.W.2d at 406–07; *Chandler*, 991 S.W.2d at 392. The plaintiff must as a pretrial matter present *prima facie* proof to support the meritorious defense. *Baker*, 582 S.W.2d at 408; *Chandler*, 991 S.W.2d at 392. The relevant inquiry is not whether the result would be different on retrial, but instead whether the defense is barred as a matter of law and whether the complainant will be entitled to judgment if no evidence to the contrary is offered. *Baker*, 582 S.W.2d at 408–09; *Chandler*, 991 S.W.2d at 392. This is a question of law. *Baker*, 582 S.W.2d at 408–09; *Chandler*, 991 S.W.2d at 392. If the court determines that the plaintiff has not established a *prima facie* meritorious defense, it ends the proceeding and dismisses the suit. *Baker*, 582 S.W.2d at 409; *Chandler*, 991 S.W.2d at 392. The court will proceed to trial only if a *prima facie* meritorious defense has been demonstrated. *Baker*, 582 S.W.2d at 409; *Chandler*, 991 S.W.2d at 392.

In reviewing the denial of a bill of review, we indulge every presumption in favor of the trial court's ruling, which we will not disturb absent an abuse of discretion. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex.App.-Austin 2000, pet. denied). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). We may not reverse merely because we disagree with a decision by the trial court, provided the ruling was within the trial court's discretion. *See Beaumont Bank*, 806 S.W.2d at 226.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Garcia's focus in pursuing Thompson's current appeal is his own mistake in filing an untimely notice in a direct appeal of the termination order. Indeed, he specifically pled in his petition for bill of review that Thompson "was precluded from pursuing her appeal of the Order of Termination because of the ineffective assistance of appointed counsel on appeal." We commend his candor. Garcia filed his brief in this court on May 19, 2003, some two months before the Texas Supreme Court announced that an indigent parent's statutory right to counsel in termination proceedings embodies a right to effective assistance of counsel. *In Re M.S.*, 115 S.W.3d 534, 543–45 (Tex.2003). The court then adopted the *Strickland* test which has been applied to the review of ineffective assistance claims in the criminal context. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires a two-pronged showing. First, the complainant must establish that counsel's performance was deficient. Second, the deficient performance must have prejudiced the defense. This requires a showing that the attorney's errors were so serious as to deprive the

claimant of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. In other words, we must determine whether there is a reasonable probability that but for counsel's unprofessional error, the result would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694, 104 S.Ct. 2052. This protection also implicates adequate counsel for appellate review. *M.S.*, 115 S.W.3d at 546–47.

The issue of Garcia's mistake is relevant to the second element of a bill of review action—did fraud, accident, or the opposing party's wrongful act prevent Thompson from presenting a meritorious defense to the termination? As Garcia acknowledges, a bill of review petitioner may obtain relief by demonstrating reliance upon a court officer who improperly executes official duties. *Hanks v. Rosser*, 378 S.W.2d 31, 35 (Tex.1964). But the Supreme Court has concluded that the petitioner's attorney is not an "officer of the court" whose wrongful act would excuse the petitioner from pleading and proving extrinsic fraud on the party opposite. *See Transworld Financial Services Corporation v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987). Garcia suggests that *Transworld*, involving a commercial dispute, is inapplicable here because of Thompson's fundamental constitutional rights. For the same reason, he suggests that counsel's oversight or lack of diligence should not be imputed to Thompson so a to defeat her bill of review.

While we find Garcia's argument persuasive and appealing, a decision on that issue is unnecessary to the resolution of this appeal. Assuming—without deciding—that Garcia's mistake establishes the second element of the bill of review and that it should not be imputed to Thompson, she must nevertheless establish a meritorious defense. And because of the unusual posture of this case, Garcia suggests that we address this element in the context of whether Thompson had viable issues for direct appellate review.

## MERITORIOUS DEFENSE?

At the hearing, Thompson's trial counsel testified that he was unaware of any appealable issue other than perhaps a challenge to the factual sufficiency of the evidence. Even then, counsel opined that in his professional judgment, the jury's verdict was not so contrary to the overwhelming weight of the evidence that it was clearly wrong and unjust. He maintained this belief recognizing the heightened standard of review required by the elevated burden of proof in termination cases. Trial counsel admitted that he had presented all meritorious defenses and that while Thompson clearly wanted to appeal, he believed the chances of success to be slim at best. Garcia then testified concerning his mistake in calculating the appellate timetable which resulted in the dismissal of the appeal. He also expressed his view that

> [t]here's never been any smoking gun or silver bullet or however you want to call it in the entire case. It was just an accumulation of things. Well, that is a matter of degree. That is a matter of opinion. That is a matter of sufficiency.

Based upon trial counsel's testimony, the trial court could justifiably find that every meritorious defense to the termination had been presented and that there were no viable issues for appellate review. Consequently, we find no abuse of discretion, overrule the sole issue for review, and affirm the judgment of the trial court.