NO. 07-04-0257-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 15, 2006



______________________________




IN THE MATTER OF THE MARRIAGE OF JOHN LARA


AND TAMRA GAYE LARA AND IN THE INTEREST OF


NICHOLAS IGNACIO LARA



_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-524,407; HON. JIM B. DARNELL, PRESIDING



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant John Lara (John) challenges the trial court's granting of appellee Tamra 
Gaye (Tamra) Lara's bill of review in their divorce action. He contends that Tamra failed
to meet the requirements for obtaining a bill of review. We agree and reverse the judgment
of the trial court.

 

Background


 John filed for divorce on May 29, 2003. Tamra was served with process on August
4, 2003; however, she failed to file an answer. The parties also continued to live in the
same house while the petition was pending. Thereafter, John sought and was granted a
default judgment on October 7, 2003. Tamra did not receive notice of the final hearing date
but apparently did receive a copy of the final judgment within 30 days of its entry. Tamra
then filed a bill of review seeking to have the judgment set aside on the basis that she had
failed to file an answer due to the fraud of John and his assurance that she did not need
to file an answer. The trial court granted that bill of review without hearing testimony or
admitting evidence. However, at the hearing on John's motion for new trial, the trial court
did hear testimony from the parties. The motion for new trial was denied.

 Applicable Law

 A bill of review is an equitable proceeding to set aside a judgment that is not void
on its face but no longer appealable or subject to a motion for new trial. King Ranch, Inc.
v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S. 1030, 124 S.Ct.
2097, 158 L.Ed.2d 711 (2004); Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). To
obtain a bill of review, a petitioner must plead and prove 1) a meritorious defense to the
cause of action, 2) the petitioner was prevented from making the defense by the fraud,
accident, or wrongful act of her opponent, and 3) the petitioner was not negligent. King
Ranch, Inc. v. Chapman, 118 S.W.3d at 752; Alexander v. Hagedorn, 148 Tex. 565, 226
S.W.2d 996, 998 (1950). The fact an injustice has occurred is not sufficient to justify bill
of review relief. Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999). Moreover,
a bill of review is available only if a party has used due diligence in pursuing all adequate
remedies. Id. at 927. Only extrinsic fraud (2) will support a bill of review. King Ranch, Inc.
v. Chapman, 118 S.W.3d at 752. We review the trial court's decision to grant a bill of
review for abuse of discretion. Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.--Houston [14th Dist.] 2002, no pet.); Interaction, Inc. v. State, 17 S.W.3d 775, 778 (Tex.
App.--Austin 2000, pet. denied). 

 There is a two-step process in determining a bill of review that is to be conducted
by the trial court: 1) the trial court first makes a determination as to whether the plaintiff has
presented prima facie proof of a meritorious defense which is met if the trial court
determines that the alleged defense is not barred as a matter of law and the bill of review
plaintiff will be entitled to judgment on retrial if no evidence to the contrary is offered, and
2) if such proof is presented, the trial court may proceed with discovery and trial regarding
the merits of the petition for bill of review. Baker v. Goldsmith, 582 S.W.2d at 408-09;
Thompson v. Texas Dep't of Protective and Regulatory Services, 123 S.W.3d 580, 581
(Tex. App.--El Paso 2003, pet. denied). Prima facie proof may be comprised of documents,
answers to interrogatories, admissions, and affidavits on file along with other evidence the
court may receive in its discretion. Temple v. Archambo, 161 S.W.3d 217, 223 (Tex. App.--Corpus Christi 2005, no pet.); K. B. Video and Electronics, Inc. v. Naylor, 847 S.W.2d 401,
405 (Tex. App.--Amarillo 1993, writ denied). In a divorce proceeding, a meritorious claim
is presented by proof that the plaintiff would obtain a more favorable property division or
child custody rights upon retrial. Elliott v. Elliott, 21 S.W.3d 913, 919 (Tex. App.--Fort
Worth 2000, pet. denied).

 Analysis

 Tamra's bill of review petition is lacking in any sworn evidence of a meritorious
defense. She merely alleges that the residence is community property and she was denied
her right in it. Conclusory allegations do not satisfy the meritorious defense requirement. 
Boyes v. Morris Polich & Purdy, L.L.P.,169 S.W.3d 448, 453-54 (Tex. App.--El Paso 2005,
no pet.). Furthermore, no evidence was presented at the trial court's hearing. (3) Because
Tamra failed to plead and prove facts constituting a defense, the trial court abused its
discretion in granting the bill of review. 

 However, the trial court did hold a hearing on John's motion for new trial, at which
time testimony was received from both Tamra and John. Neither party specifically contests
the trial court's ruling on the motion for new trial, and Tamra does not cite this court to any
evidence adduced at the hearing in support of the trial court's order granting the bill of
review. Nevertheless, Tamra testified that John told her not to do anything about the
divorce papers because "he [was] not doing anything about it." John denied that he told
Tamra that he had stopped the divorce proceedings or that she did not need to hire a
lawyer. The parties admitted that they continued to live together after the petition for
divorce was filed. Tamra did not believe the divorce decree was in the best interest of her
son but she admitted that the police had been called to their home twice within the prior
year and she had been arrested for terroristic threats the first time and the police were
called due to her attempting to drive drunk the second time. She also admitted to being on
probation for driving while intoxicated and that she had drunk while on probation although
she claimed not to be drinking at the present time. John likewise had six prior arrests for
driving while intoxicated but they had all occurred at least 12 years ago. Additionally, John
conceded in his testimony that their residence was bought during the marriage and it was
community property. (4) 

 Even assuming that the residence was community property, Tamra has failed to
show that she could have obtained a more favorable property division or custody rights to
her son. She merely concludes that it is not in the best interest of her son to live with John
and that she was denied her interest in the marital residence. However, she provided no
facts to support those conclusions. See Elliott v. Elliott, 21 S.W.3d at 920 (citing the lack
of evidence as to the value of the assets in the marital estate or the amount of debts);
Hartsfield v. Wisdom, 843 S.W.2d 221, 224 (Tex. App.--Amarillo 1992, writ denied) (stating
that a mere allegation is insufficient but the plaintiff must plead and prove that he received
an unfair settlement and would have obtained a more favorable settlement on retrial). Our
determination that Tamra failed to present probative evidence of this element of a bill of
review precludes the necessity of determining whether she proved the other two elements. 


 Having determined that the trial court abused its discretion in granting the petition
for bill of review, we reverse the judgment of the trial court and render judgment denying
the petition for bill of review. 

 

 John T. Boyd

 Senior Justice 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005). 
2. Extrinsic fraud denies a party the opportunity to fully litigate at trial all the rights or
defenses that could have been asserted. Tice v. City of Pasadena, 767 S.W.2d 700, 702
(Tex. 1989). 
3. The trial court held only one hearing at which it requested that briefs be filed and,
after the filing of the briefs, the court granted the bill of review. No sworn testimony or
documentary evidence was received at the hearing. Therefore, even if the trial court
considered all the elements required to be proven by the plaintiff at the same hearing, there
was no proof of any of them. We also note that neither party has complained of error in
the procedure used by the trial court. 
4. According to the divorce decree, which is attached to one of the pleadings but not
certified or authenticated, John was awarded the home in the division of property but was
also required to pay the balance due on the home. There is no evidence in the record as
to the value of the home or the balance due on the home. John was also awarded custody
of their teenage son who was the only child still living at home.