NO. 07-04-0257-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 15, 2006

_____

IN THE MATTER OF THE MARRIAGE OF JOHN LARA
AND TAMRA GAYE LARA AND IN THE INTEREST OF
NICHOLAS IGNACIO LARA

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-524,407; HON. JIM B. DARNELL, PRESIDING

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

<u>MEMORANDUM OPINION</u>

Appellant John Lara (John) challenges the trial court's granting of appellee Tamra

Gaye (Tamra) Lara's bill of review in their divorce action.  He contends that Tamra failed

to meet the requirements for obtaining a bill of review.  We agree and reverse the judgment

of the trial court.

**Background**

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

John filed for divorce on May 29, 2003. Tamra was served with process on August 4, 2003; however, she failed to file an answer. The parties also continued to live in the same house while the petition was pending. Thereafter, John sought and was granted a default judgment on October 7, 2003. Tamra did not receive notice of the final hearing date but apparently did receive a copy of the final judgment within 30 days of its entry. Tamra then filed a bill of review seeking to have the judgment set aside on the basis that she had failed to file an answer due to the fraud of John and his assurance that she did not need to file an answer. The trial court granted that bill of review without hearing testimony or admitting evidence. However, at the hearing on John's motion for new trial, the trial court did hear testimony from the parties. The motion for new trial was denied.

**Applicable Law**

A bill of review is an equitable proceeding to set aside a judgment that is not void on its face but no longer appealable or subject to a motion for new trial. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied,* 541 U.S. 1030, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004); *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex. 1979). To obtain a bill of review, a petitioner must plead and prove 1) a meritorious defense to the cause of action, 2) the petitioner was prevented from making the defense by the fraud, accident, or wrongful act of her opponent, and 3) the petitioner was not negligent. *King Ranch, Inc. v. Chapman,* 118 S.W.3d at 752; *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). The fact an injustice has occurred is not sufficient to justify bill of review relief. *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 927 (Tex. 1999). Moreover, a bill of review is available only if a party has used due diligence in pursuing all adequate

2

remedies.  *Id.* at 927.  Only extrinsic fraud[2] will support a bill of review.  *King Ranch, Inc. v. Chapman,* 118 S.W.3d at 752.  We review the trial court's decision to grant a bill of review for abuse of discretion.  *Nguyen v. Intertex, Inc.,* 93 S.W.3d 288, 293 (Tex. App.--Houston [14th Dist.] 2002, no pet.); *Interaction, Inc. v. State,* 17 S.W.3d 775, 778 (Tex. App.--Austin 2000, pet. denied).

There is a two-step process in determining a bill of review that is to be conducted by the trial court:  1) the trial court first makes a determination as to whether the plaintiff has presented prima facie proof of a meritorious defense which is met if the trial court determines that the alleged defense is not barred as a matter of law and the bill of review plaintiff will be entitled to judgment on retrial if no evidence to the contrary is offered, and 2) if such proof is presented, the trial court may proceed with discovery and trial regarding the merits of the petition for bill of review.  *Baker v. Goldsmith,* 582 S.W.2d at 408-09; *Thompson v. Texas Dep't of Protective and Regulatory Services,* 123 S.W.3d 580, 581 (Tex. App.--El Paso 2003, pet. denied).  Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with other evidence the court may receive in its discretion.  *Temple v. Archambo,* 161 S.W.3d 217, 223 (Tex. App.--Corpus Christi 2005, no pet.); *K. B. Video and Electronics, Inc. v. Naylor,* 847 S.W.2d 401, 405 (Tex. App.--Amarillo 1993, writ denied).  In a divorce proceeding, a meritorious claim is presented by proof that the plaintiff would obtain a more favorable property division or

---

[2]Extrinsic fraud denies a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted.  *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex. 1989).

child custody rights upon retrial. *Elliott v. Elliott,* 21 S.W.3d 913, 919 (Tex. App.--Fort Worth 2000, pet. denied).

## Analysis

Tamra's bill of review petition is lacking in any sworn evidence of a meritorious defense. She merely alleges that the residence is community property and she was denied her right in it. Conclusory allegations do not satisfy the meritorious defense requirement. *Boyes v. Morris Polich & Purdy,* L.L.P.,169 S.W.3d 448, 453-54 (Tex. App.--El Paso 2005, no pet.). Furthermore, no evidence was presented at the trial court's hearing.[3] Because Tamra failed to plead and prove facts constituting a defense, the trial court abused its discretion in granting the bill of review.

However, the trial court did hold a hearing on John's motion for new trial, at which time testimony was received from both Tamra and John. Neither party specifically contests the trial court's ruling on the motion for new trial, and Tamra does not cite this court to any evidence adduced at the hearing in support of the trial court's order granting the bill of review. Nevertheless, Tamra testified that John told her not to do anything about the divorce papers because "he [was] not doing anything about it." John denied that he told Tamra that he had stopped the divorce proceedings or that she did not need to hire a lawyer. The parties admitted that they continued to live together after the petition for divorce was filed. Tamra did not believe the divorce decree was in the best interest of her

---

[3] The trial court held only one hearing at which it requested that briefs be filed and, after the filing of the briefs, the court granted the bill of review. No sworn testimony or documentary evidence was received at the hearing. Therefore, even if the trial court considered all the elements required to be proven by the plaintiff at the same hearing, there was no proof of any of them. We also note that neither party has complained of error in the procedure used by the trial court.

4

son but she admitted that the police had been called to their home twice within the prior year and she had been arrested for terroristic threats the first time and the police were called due to her attempting to drive drunk the second time. She also admitted to being on probation for driving while intoxicated and that she had drunk while on probation although she claimed not to be drinking at the present time. John likewise had six prior arrests for driving while intoxicated but they had all occurred at least 12 years ago. Additionally, John conceded in his testimony that their residence was bought during the marriage and it was community property.[4]

Even assuming that the residence was community property, Tamra has failed to show that she could have obtained a more favorable property division or custody rights to her son. She merely concludes that it is not in the best interest of her son to live with John and that she was denied her interest in the marital residence. However, she provided no facts to support those conclusions. *See Elliott v. Elliott,* 21 S.W.3d at 920 (citing the lack of evidence as to the value of the assets in the marital estate or the amount of debts); *Hartsfield v. Wisdom,* 843 S.W.2d 221, 224 (Tex. App.--Amarillo 1992, writ denied) (stating that a mere allegation is insufficient but the plaintiff must plead and prove that he received an unfair settlement and would have obtained a more favorable settlement on retrial). Our determination that Tamra failed to present probative evidence of this element of a bill of

---

[4]According to the divorce decree, which is attached to one of the pleadings but not certified or authenticated, John was awarded the home in the division of property but was also required to pay the balance due on the home. There is no evidence in the record as to the value of the home or the balance due on the home. John was also awarded custody of their teenage son who was the only child still living at home.

review precludes the necessity of determining whether she proved the other two elements.

Having determined that the trial court abused its discretion in granting the petition for bill of review, we reverse the judgment of the trial court and render judgment denying the petition for bill of review.

John T. Boyd
Senior Justice