**TEXAS STATE BOARD OF EXAMINERS IN OPTOMETRY, Appellant,**

v.

**Sidney H. LANE, Appellee.**

No. 16342.

Court of Civil Appeals of Texas.

Fort Worth.

June 22, 1962.

Rehearing Denied July 13, 1962.

Will Wilson, Atty. Gen., and John Reeves, Asst. Atty. Gen., Austin, for appellant.

Wynne, McKenzie, Stroud, Jaffe & Tinsley, Carl W. Wilson and Morris I. Jaffe, Dallas, for appellee.

MASSEY, Chief Justice.

In Texas State Board of Examiners in Optometry v. Lane, Tex.Civ.App.1960, 337 S.W.2d 801, error refused, we held that a judgment which inadvertently dismissed a suit pending on the docket of the District Court of Tarrant County (as an appeal taken from an order of the State Board suspending Dr. Lane's license to practice optometry), was a final judgment.

After the Supreme Court acted on the writ of error applied for by Lane, he pursued a remedy by way of an action for bill of review in the District Court. Ancillary thereto he sought and obtained a temporary injunction which would preserve his right to practice optometry until he had obtained a trial of the bill of review. We held that Lane was entitled to the injunction so obtained in Texas State Board of Examiners in Optometry v. Lane, Tex.Civ.App.1961, 349 S.W.2d 763.

Thereafter the parties tried Lane's suit by way of bill of review. By the judgment entered in said case the prior judgment of dismissal was set aside, the order of the State Board suspending Dr. Lane's license to practice optometry was cancelled, and the State Board was required to accept the license fee tendered to it by Lane and to

grant him the renewal certificates requisite to the practice of his profession. From this judgment the State Board appealed.

Judgment affirmed.

The actual question presented by the appeal is whether Lane has shown himself entitled to maintain his action for bill of review. From our perusal of the record we are of the opinion, and so hold, that Lane was entitled to prevail on the merits of the case if he has shown himself entitled to maintain the action. Under our decision in State Board of Examiners in Optometry v. Marlow, Tex.Civ.App.1953, 257 S.W.2d 761, the case was to be tried in the application of a test to the Board's order in a determination of whether it had reasonable support in substantial evidence introduced before the trial court. It was so tried, and the State Board failed to demonstrate that the order suspending Dr. Lane had support in substantial evidence (introduced upon the trial of the case). We are further of the opinion, and so hold, that Lane has shown that the judgment of dismissal did not result because of any fault or negligence on the part of his attorneys or himself.

The answer to the actual question in the appeal is therefore made to depend upon whether the judgment of dismissal, subject of Lane's complaint, was not only wrongful and erroneous but furthermore was attended by circumstances which justified equitable relief against its enforcement.

The case was tried on Lane's third amended original petition, in which it is alleged that the entry of the judgment of dismissal occurred as the result of an error of the trial court or its officers. The evidence introduced upon trial on the merits factually substantiate such allegations and it is obvious that the judgment obtained by Lane in affording him relief from the prior judgment of dismissal was predicated upon such pleading and proof.

It must be conceded that the theory initially appears to be at variance with the requirement that a complainant in a bill of review show that he was prevented from presenting his meritorious defense through extrinsic fraud, accident, or *mistake*, wholly unmixed with any fault or negligence of his own,—but if the litigant who obtained the advantages incident to inadvertent entry of a judgment (in his behalf) may properly be treated and considered as a person who obtained an advantage by *mistake* there would be no impediment to obtaining relief by bill of review.

We know of no case in which the precise question has been decided, but our conclusion is in accord with the statement of the law in such respect to be found in Restatement of the Law, Judgments, p. 579, et seq. "Equitable Relief", sec. 120 "Where No Knowledge of Action or of Trial". It is there stated that subject to general equitable consideration, "equitable relief from a valid judgment will be granted to a party to the action injured thereby if, without fault, he did not know of the action or did not appear at the trial, and this was due to * * * (b) error of the court or of its officers, * * *." Under the "comment" on clause (b) it is stated that the party who obtained a judgment because of error of the court which has deprived the other party of the opportunity to present his case is in the position of a person who has obtained an advantage by mistake and equitable relief should be afforded against him as in other cases where one has benefited by the mistake or wrong of a third person at the expense of another. Under the "comment" under the general statement it is said that where the court itself has been guilty of an error which prevents one of the parties from being heard, it is appropriate for a system of justice to make provision to give relief against an error committed by one appointed to dispense justice and which has deprived a litigant of a hearing.

While the precise question was not that decided in the case, a similar conclusion of the Commission of Appeals was recited as dictum in Love v. State Bank & Trust

Co. of San Antonio, 1936, 126 Tex. 591, 90 S.W.2d 819. A statement of principle, application of which is broad enough to encompass a situation such as that before us, is found in McDonald, Texas Civil Practice, p. 1497, "New Trial", sec. 18.27, "(Equitable Bill of Review)—D. Petition: Elements of Plaintiff's Claim", viz.: "In some situations, relief is given though the complainant does not bring himself strictly within the foregoing rules as to fraud, accident, or mistake. The proceeding being equitable in nature, the court may properly give consideration to any circumstance which, being wholly beyond the control of the petitioner, presents a compelling factual reason for reexamining the judgment."

Judgment affirmed.