Vernon R. BAKER et ux., Petitioners,

v.

Edward GOLDSMITH et ux.,
Respondents.

No. B–7793.

Supreme Court of Texas.

May 23, 1979.

Eskew, Brady, Womack & Muir, R. Douglas Muir, Austin, for petitioners.

Kendall, Randle, Finch & Osborn, Terrence Kendall, Austin, for respondents.

McGEE, Justice.

This is a proceeding in the nature of a bill of review. The trial court denied the requested equitable relief from a prior default judgment, but the court of civil appeals reversed the judgment and remanded the cause for trial. 567 S.W.2d 590. We affirm the judgment of the court of civil appeals.

The original suit underlying this bill of review was filed by Vernon R. Baker and his wife, Audane Baker, against Edward and Juliette Goldsmith, Mark S. Barrow, and the Goldsmiths' son, Warren. The Bakers alleged that the four defendants entered into a conspiracy to sell them a gift shop franchise to be located in Austin, Texas. Specifically, the Bakers contended that the Goldsmiths and Barrow made certain fraudulent misrepresentations concerning the franchise and that in reliance thereon the Bakers paid $10,000 for the franchise in addition to other expenses incurred in anticipation of establishing the shop.

Upon receipt of citation to appear in the Baker suit, Edward Goldsmith sent a letter to the district judge of the court in which the suit was pending, substantially denying the material allegations in the Baker petition. A certified mail receipt returned to

the Goldsmiths before appearance day indicates that the letter was received by a Travis County Courthouse mail room employee on December 11, 1973. On January 4, 1974 the Bakers' cause of action against Warren Goldsmith and Mark Barrow was severed from the suit, and neither of these defendants has participated further in the original suit or the subsequent bill of review. On the same day a default judgment was rendered against Edward and Juliette Goldsmith for $44,699.66.

On March 10, 1974, Edward and Juliette Goldsmith filed this bill of review praying that the default judgment be set aside. In their petition they alleged that the aforementioned letter constituted a timely filed answer to the Baker suit, and that the answer had been misplaced at the courthouse after its receipt. The petition also stated that the Goldsmiths received no notice of the judgment until more than 30 days after its rendition, thus precluding the timely filing of a motion for new trial. As a meritorious defense to the original suit the Goldsmiths alleged:

(1) that they had made no misrepresentations;

(2) that any representations made by them to the Bakers were true;

(3) that they had no franchise contract with the Bakers;

(4) that they had not received any money in exchange for a gift shop franchise;

(5) that if the Bakers paid a franchise fee, it was either to the two former defendants, Warren Goldsmith and Mark Barrow, or to a corporation controlled by them, that the Goldsmiths were not part of that corporation and had no knowledge of any moneys received by that corporation;

(6) that they had no knowledge of representations made by Warren Goldsmith, if any, to the Bakers;

(7) that they had no knowledge of the whereabouts of Warren Goldsmith.

After a trial before the court where evidence and testimony was presented by both sides, the court found as a matter of fact that the letter was received and forwarded to the judge of the court in which the suit was pending, but that it had subsequently "disappeared" through "no fault" of the Goldsmiths. The court further concluded that such letter constituted an "answer" to the Baker suit, but that the delivery of the instrument to the judge did not constitute a filing thereof. It was also found that the Goldsmiths received no notice of the January 4, 1974 default judgment until February 10, 1974, more than 30 days after its rendition. The court concluded, however, that a meritorious defense had not been established by a preponderance of the evidence, and rendered judgment that the Goldsmiths take nothing. Over a dissenting justice, the court of civil appeals reversed and remanded the case, holding that the trial court erred in requiring the Goldsmiths to establish their meritorious defense by a preponderance of the evidence. 567 S.W.2d 590. We granted the Bakers' application for writ of error.

■■■ A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial. *See McEwen v. Harrison*, 162 Tex. 125, 131–32, 345 S.W.2d 706, 709–10 (1961); Comment, *Setting Aside Judgments Against the Absent Defendant*, 37 Texas L.Rev. 208, 221 (1958). Rule 329b(b) of the Texas Rules of Civil Procedure provides that: "After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for *sufficient cause*, filed within the time allowed by law." Tex.R.Civ.P. 329b(5) (emphasis added). The rules do not define "sufficient cause," but Texas courts have enunciated several requirements that must be satisfied. In *Alexander v. Hagedorn*, 148 Tex. 565, 568, 226 S.W.2d 996, 998 (1950), this court stated that in order to be successful upon a bill of review the complainant must "allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful

act of the opposite party, (3) unmixed with any fault or negligence of his own." *Accord, Texas Machinery & Equipment Co. v. Gordon Knox Oil & Exploration Co.,* 442 S.W.2d 315, 317–18 (Tex.1969); *Gracey v. West,* 422 S.W.2d 913, 915 (Tex.1968). The second requirement of *Hagedorn,* however, has been qualified in later cases. To the extent there is reliance on the erroneous official information given by an official court functionary preventing the filing of a motion for new trial, the bill of review plaintiff is excused from showing the wrongful conduct, fraud or accident of the opposite party. *Gracey v. West,* 422 S.W.2d 913, 915–16 (Tex.1968) (citing *Hanks v. Rosser,* 378 S.W.2d 31, 34 (1964)).

The Bakers first contend that there are no pleadings or proof to support the conclusion that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party unmixed with any negligence on the part of the Goldsmiths. This contention is without merit. As aforementioned, in *Gracey v. West,* 422 S.W.2d 913 (Tex.1968), this court held that where an officer of the court gives wrong information which prevents the filing of a motion for new trial, the complainant in a bill of review is excused from showing that the judgment was rendered as the result of the wrongful conduct of the opposite party. *Id.* at 915 (citing *Hanks v. Rosser,* 378 S.W.2d 31, 34 (Tex.1964)). Consistent with this, it is also acceptable for the complainant to allege and prove that he was prevented from presenting his contentions in the former action by a mistake or error of the court or a functionary thereof in the discharge of official duties. *Vogel v. Vogel,* 405 S.W.2d 87, 90 (Tex.Civ.App.—San Antonio 1966, no writ); *Texas State Board of Examiners in Optometry v. Lane,* 358 S.W.2d 636, 637 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n. r. e.); 4 R. McDonald, Texas Civil Practice in District and County Courts § 18.27 (1970).

■ Turning to the record, we find that there are pleadings, proof, and a finding that the letter was misplaced without the fault of the Goldsmiths after it was re-

ceived at the Travis County Courthouse. We agree with the conclusion of the trial judge that this letter constituted an answer, and it is to be assumed that the presiding judge entered the default judgment against the Goldsmiths under the mistaken belief that the Goldsmiths had indeed failed to answer. These circumstances obviate the necessity of pleading and proving accident, fraud or wrongful act of the Bakers.

The Bakers next contend that the Goldsmiths, as bill of review complainants, had the burden of establishing their meritorious defense by a preponderance of the evidence. The Goldsmiths respond that the court of civil appeals correctly held that the complainants were only required to present probative evidence that the result would have been different whereupon the parties are relegated to their original status of plaintiff and defendant with the burden resting upon the plaintiff to make his case.

While this court has never confronted the exact issue presented by these contentions, several cases are helpful to an analysis of the problem. In *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961), it was stated that:

> . . . If . . . a defendant has not been negligent in suffering a default judgment to be rendered against him by a court which had jurisdictional power to render it, or in permitting it to become final, and if he has a meritorious defense to the suit, *he may still have the suit tried on its merits with the right to require the plaintiff to prove his case and the corresponding right to establish his defense.* Texas Employers' Ins. Ass'n v. Arnold, 126 Tex. 466, 88 S.W.2d 473, 474; *Wear v. McCallum,* 119 Tex. 473, 33 S.W.2d 723, 724.

*Id.* 345 S.W.2d at 710 (emphasis added); *accord, Texas Machinery & Equipment Co. v. Gordon Knox Oil & Exploration Co.,* 442 S.W.2d 315, 318 (Tex.1969). This language does not indicate what quantum of proof is required to show that the bill of review complainant "*has* a meritorious defense," but it is clear that at some point in the proceeding the parties will revert to their

original status as plaintiff and defendant with the burden on the plaintiff to prove his case.

In an earlier case the court of civil appeals in *Crosby v. Di Palma*, 141 S.W. 321 (Tex.Civ.App.—El Paso 1911, writ ref'd), concluded that a good and meritorious defense had been presented when the complainant had shown that the result reached in the prior case would have been different had the defensive matter been presented. If a *prima facie* meritorious defense has been shown to the court, "the measure of the law is fulfilled, and the parties are then relegated to their original status of plaintiff and defendant, with the burden of proof resting upon the plaintiff to make his case, leaving the defendant the right, if he sees fit, to rely merely upon the weakness of his adversary's case." *Id.* at 325; *see Dicker v. Binkley*, 555 S.W.2d 495, 498 (Tex.Civ.App.—Dallas 1977, no writ) (must show meritorious defense to the extent that, had the defense been presented, the prior judgment would not have been rendered); *cf. Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex.1974); *Overton v. Blum*, 50 Tex. 417, 425 (1878).

Similarly, in *Swenson v. Swenson*, 466 S.W.2d 424 (Tex.Civ.App.—Houston [1st] 1971, no writ), the court stated that the complainant was not required to prove facts constituting a complete defense to the suit in which the prior judgment was rendered. Instead, if the trial court were convinced that certain facts existed that would lead to a new and different verdict and that the complainant had been prevented from presenting those facts by the wrongful conduct of the opposite party unmixed with fault or negligence on the complainant's part, the question of meritorious defense could be resolved "by the answers to the issues on the merits submitted to the jury *as in any ordinary case.*" *Id.* at 426–27 (emphasis added). Notably, Texas commentators that have considered this question have reached the same conclusion. 4 R. McDonald, Texas Civil Practice in District and County Courts § 18.29, at 335 (1971); Meyer, *The Equitable Bill of Review in Texas*, 41 Tex.B.J. 699, 602 (1978).

Moreover, many other American jurisdictions do not require the complainant in a bill of review proceeding to prove his meritorious defense by a preponderance of the evidence. *See, e. g., Gordon v. Halstead*, 283 Ala. 578, 219 So.2d 629, 631 (1969); *Olivera v. Grace*, 19 Cal.2d 570, 122 P.2d 564, 569 (1942); *Overstreet v. Grinstead's Adm'r*, 283 Ky. 73, 140 S.W.2d 836, 839 (1940); *Hockenberry v. Cooper County State Bank*, 338 Mo. 31, 88 S.W.2d 1031, 1037 (1935); *Stocking v. Charles Beard Co.*, 102 Mont. 65, 55 P.2d 949, 952 (1936).

■ In light of the aforementioned authorities we now hold that the complainant in a bill of review is not required to prove his meritorious defense by a preponderance of the evidence. Since this case must be remanded for trial under correct principles, we deem it appropriate to outline the trial procedure to be utilized and the burdens of persuasion to be assumed by the respective parties.

■ First, in order to invoke the equitable powers of the court, the bill of review complainant must file a petition. This petition must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. *See Gracey v. West, supra* at 915; *Hanks v. Rosser, supra* at 34; *McEwen v. Harrison, supra,* 345 S.W.2d at 710. The complainant must further allege, with particularity, sworn facts sufficient to constitute defense and, as a pretrial matter, present prima facie proof to support the contention. *Crosby v. Di Palma, supra* at 325. This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious "full-blown" examination of the merits.

■ The relevant inquiry is not whether "the result would probably be different" on retrial as some Texas cases have indicated. Such a test would require the court to weigh the evidence. Rather, a prima facie meritorious defense is made out when

it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered. This is a question of law for the court. *Cf. Trevino v. American National Insurance Co.*, 140 Tex. 500, 168 S.W.2d 656 (1943); *Duncan v. Butterowe, Inc.*, 474 S.W.2d 619 (Tex.Civ.App.—Houston [14th] 1971, no writ). Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion. The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination. If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case.

■ On the other hand, if a prima facie meritorious defense has been shown, the court will conduct a trial. At this juncture we note that the court may, within its discretion, conduct the trial of the issues in one hearing or in separate hearings pursuant to Rule 174(b) of the Texas Rules of Civil Procedure. *See Warren v. Walter*, 414 S.W.2d 423 (Tex.1967). In any event, only one final judgment may be rendered in a bill of review proceeding either granting or denying the requested relief. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966).

■ Whether the trial is conducted in one hearing or in separate hearings the burden of persuasion is allocated in the following manner. The complainant must open and assume the burden of proving that the judgment was rendered as the result of the fraud, accident or wrongful act of the opposite party or official mistake unmixed with any negligence of his own. *McEwen v. Harrison, supra*, 345 S.W.2d at 710; 4 R. McDonald, *supra* at 335. This may be an onerous burden, but it is a major distinguishing factor between a bill of review and a motion for new trial. In a motion for new trial the movant is merely required to prove that his failure to answer in the prior trial was not intentional or the result of conscious indifference, but was due to accident or mistake, and that the granting of a new trial will occasion no delay or injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 125 (1939) (must also set up a meritorious defense); 4 R. McDonald, *supra* at 267. This distinction rests on our policy favoring finality of judgments. A less onerous standard for the movant in a timely filed motion for new trial is justified inasmuch as the judgment has yet to become final and only a brief period of time has elapsed since its rendition. On the other hand, once a judgment has become final, it must be accorded a measure of respect or litigation would tend to become endless. 4 R. McDonald, *supra* at 318; Recent Cases, 24 Texas L.Rev. 223, 224 (1946).

■ While the complainant must assume this burden, the bill of review defendant must assume the burden of proving his original cause of action. *Crosby v. Di Palma, supra* at 335. This assures that the original, underlying cause of action is supported by the weight of the evidence.

■ The fact finder will determine whether the complainant has established by a preponderance of the evidence that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with negligence on the complainant's part. This may be submitted in one broad issue under Rule 277 of the Texas Rules of Civil Procedure. *Conditioned* upon an affirmative finding to this issue, the fact finder will then determine whether the bill of review defendant, the original plaintiff, has proved the elements of his original cause of action. 4 R. McDonald, *supra* at 335; Meyer, *supra* at 702. Once it is found that the complainant is suffering under a wrongfully obtained judgment that is unsupported by the weight of the evidence, equity is satisfied and the court should grant the requested relief.

The judgment of the court of civil appeals which reversed the trial court judgment and remanded the cause is affirmed with instructions that further proceedings should be consistent with this opinion.

Concurring opinion by POPE, J.

POPE, Justice, concurring.

While I concur in the result, it is my view that we are unnecessarily confounding the trials of bill of review cases. I agree that the bill of review plaintiff must prove by a preponderance of the evidence that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party which was unmixed with any fault or negligence of his own or that there was an official mistake unmixed with the negligence on the part of the bill of review plaintiff. The majority at that point injects a new step into the trial that in my opinion is unnecessary, wasteful, and confusing.

The majority requires an interim hearing at which the bill of review plaintiff must satisfy the trial court by prima facie proof that he has a meritorious defense. That hearing is not the trial of the defense that counts; it is a preliminary showing of what one will prove when it does count. It is an additional and redundant hearing. Instead of saving time, it creates an extra sub-trial of uncertain nature and duration. The rules already authorize adequate proceedings by which a frivolous or non-meritorious claim to a defense can be exposed. A partial or complete summary judgment proceeding will expose the unmeritorious case. Rule 166–A, Tex.R.Civ.P. The court may order a separate trial of an issue as authorized by Rule 174(b), Tex.R.Civ.P.

When *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950) was tried, the parties announced ready and tried the case to final judgment in one day. There was no trial before the trial. I would hold that a bill of review trial should be conducted as suggested in 4 McDonald, Texas Civil Practice § 18.29 (1971):

The controversy turns upon two issues: (I) Was the judgment complained of rendered as a result of fraud, accident, or mistake, without the negligence of the complainant either in the course of the former action or after judgment? (II) Was the judgment incorrect? The burden is upon the complainant to establish the affirmative of the elements of the first issue. If he does so, the burden of proof upon the second issue rests upon the party who would have had such burden had no judgment been entered.

That kind of a trial would certainly not be an erroneous one.