In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00112-CV
______________________________


ROY JON, Appellant
 
V.
 
JULIE SPIVEY, ET AL., Appellees


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 04-C-1211-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION
            Roy Jon sued the Texas Department of Criminal Justice—Institutional Division and Julie
Spivey and Zelda Glass, employees of the institution. Jon alleged defamation, slander, and abuse
of official capacity. The trial court dismissed the lawsuit as frivolous January 23, 2002. Jon filed
a motion to reform the judgment February 28, 2002, and a notice of appeal May 30, 2002. This
Court dismissed the untimely appeal for want of jurisdiction. Jon v. Tex. Dep't of Criminal Justice,
No. 06-02-00075-CV, available at <www.6thcoa.courts.state.tx.us>, Select: Opinion Search, Enter
Case Number: 02-075-CV (Tex. App.—Texarkana July 2, 2002, no pet.) (not designated for
publication). 
            On September 1, 2004, Jon filed this bill of review action against Spivey. The trial court
denied the bill of review, and Jon appeals. Essentially, Jon is once again arguing that his prior
appeal was timely. The timeliness of his appeal was addressed in his previous appeal and will not
be addressed again. 
            A bill of review is an equitable proceeding brought by a party seeking to set aside a prior
judgment that is no longer subject to challenge by a motion for new trial or an appeal. Baker v.
Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). Bill of review plaintiffs must ordinarily plead and
prove (1) a meritorious claim; (2) which the plaintiffs were prevented from making by fraud,
accident, or wrongful act of the opposing party, or official mistake; and (3) unmixed with any fault
or negligence on their own part. See id. at 406–07.
            In this matter, Jon has not pled or proved any of the elements that are necessary for a bill of
review. We find the trial court's order denying the bill of review was not an abuse of discretion, and
it is affirmed.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          February 8, 2005
Date Decided:             February 17, 2005