Affirmed and Memorandum Opinion filed November 21, 2006








Affirmed and Memorandum Opinion filed November 21, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00185-CV

____________

 

IN THE INTEREST OF M.Y.W. AND
C.C.W., MINOR CHILDREN

 

 

 



 

On Appeal from the 300th
District Court

Brazoria County, Texas

Trial Court Cause No. 24915

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Evanjela,[1]
appeals the trial court=s denial of her bill of review.  Because
appellant=s bill of review is barred by section 161.211 of the
Texas Family Code, we affirm.

I. Factual and Procedural Background








On June
27, 2003, the Brazoria County Children=s Protective Services[2]
(ACPS@) filed suit against appellant for
emergency protection, conservatorship, and termination of the parent-child
relationships between appellant and her two minor children, M.Y.W. and C.C.W. 
That same day, the trial court ordered that M.Y.W. and C.C.W. be placed in the
temporary managing conservatorship of the CPS.  On July 8, 2003, appellant
appeared in person at a hearing on temporary orders and signed a written Notice
of Hearings, acknowledging her notice of three subsequent hearings and a trial
setting.  

On March
17, 2004, appellant executed an irrevocable affidavit of voluntary
relinquishment of her parental rights to M.Y.W. and C.C.W. (Athe affidavit@), pursuant to section 161.103 of the
Texas Family Code.  See Tex. Fam.
Code Ann. ' 161.103(a)B(b) (Vernon Supp. 2005).  In the affidavit, appellant waived
her right to notice in any suit to terminate her parental rights and stated
that she did not want to receive a copy of the judgment terminating her
parental rights.  See id. ' 161.103(c) (Vernon Supp. 2005) (AThe affidavit may contain . . . a
waiver of process in a suit to terminate the parent-child relationship filed
under this chapter. . . .@).  

On July
19, 2004, the suit to terminate appellant=s parental rights was tried.  Three
witnesses testified on behalf of the CPS, and the affidavit was admitted into
evidence.  The trial court signed a judgment on July 19, 2004 terminating the
parent-child relationships between appellant and M.Y.W. and C.C.W.[3]  









On
November 14, 2005, appellant filed an Original Petition for Bill of Review
alleging that appellee, The Texas Department of Family & Protective
Services, committed fraudulent acts in connection with the termination of her
parental rights.[4]  Appellee
filed an Original Answer and subsequently filed a Motion to Dismiss Petitioner=s Bill of Review.  Appellant=s bill of review and appellee=s motion to dismiss were set for
hearing on January 25, 2006. 

On
January 25, 2006, appellee filed a Supplemental Motion to Dismiss Petitioner=s Bill of Review in which it asserted
the affirmative defense of limitations based on section 161.211 of the Texas
Family Code.[5]  See Tex. Fam. Code Ann. ' 161.211(a) (Vernon 2002).  Appellant
did not file a written response to appellee=s motion to dismiss or supplemental
motion to dismiss.  Appellant never objected to the form of the pleading in
which appellee asserted the affirmative defense of limitations.[6]








On
January 25, 2006, appellant moved for a continuance on the grounds that
appellee=s supplemental motion to dismiss
would operate as a surprise.  The trial court denied appellant=s motion.  On appeal, appellant does
not challenge the trial court=s denial of her motion for a continuance.  At the January 25
hearing, the trial court heard arguments regarding the defense of limitations,
and appellant gave testimony pertaining to claims asserted in the bill of
review.  On February 10, 2006, the trial court signed an order denying
appellant=s petition for bill of review.[7]  This appeal
followed.

In two
points of error, appellant argues (1) the trial court erred in denying her
petition for bill of review because she presented sufficient evidence to
establish a prima facie case that the affidavit was the product of fraud,
duress, and coercion; and (2) if the affidavit is excluded, the remaining
evidence is insufficient to establish by clear and convincing evidence that
termination of her parental rights was in the best interest of M.Y.W. and
C.C.W.  Appellee argues, inter alia, that appellant=s bill of review is barred by section
161.211 of the Texas Family Code. 

II. Standard of Review

In reviewing the grant or denial of a bill of
review, we will not disturb the trial court=s ruling absent an abuse
of discretion.  Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.CHouston [14th Dist.]
2002, no pet.).  A trial court abuses its discretion when it acts in an
unreasonable or arbitrary manner, or without reference to any guiding rules and
principles.  Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991).

III. Analysis








A bill of review is an independent equitable
action brought by a party to a former action seeking to set aside a judgment
that is no longer appealable or subject to a motion for new trial.  Baker v.
Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979).  A bill of review petitioner
must ordinarily plead and prove three elements: (1) a meritorious defense to
the cause of action alleged to support the judgment; (2) that he was prevented
from asserting by the fraud, accident, or wrongful act of his opponent or by
official mistake; and (3) the absence of fault or negligence of the
complainant.  Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998).  To
invoke the equitable powers of the court, the bill of review petitioner must,
as a preliminary matter, make a prima facie showing of a meritorious defense to
the cause of action alleged to support the judgment.  Baker, 582 S.W.2d
at 408.  A prima facie meritorious defense is made out when it is determined
that the complainant=s defense is not barred as a matter of law
and he will be entitled to judgment on retrial if no evidence to the contrary
is offered.  Id. at 408B09.  Prima facie proof may consist of
documents, admissions, and affidavits along with other evidence the trial court
may receive in its discretion.  Id. at 409.  At the preliminary hearing,
the bill of review defendant may respond with like proof showing the defense is
barred as a matter of law.  Id.   

The six month limitation on attacks on
termination rulings in Section 161.211 is an affirmative defense, which a
defendant may interpose to defeat a plaintiff=s prima facie case.  See
In re Bullock, 146 S.W.3d 783, 790 (Tex. App.CBeaumont 2004, no pet.). 
An affirmative defense does not rebut the factual propositions of the plaintiff=s pleading, but, instead,
allows the defendant to introduce evidence to establish an independent reason
why the plaintiff should not prevail.  Bullock, 146 S.W.3d at 791
(citing Gorman v. Life Ins. Co. Of North America, 811 S.W.2d 542, 546
(Tex. 1991)). 

            Appellee pleaded the affirmative defense of
limitations and argued at the preliminary hearing that appellant=s bill of review was
barred by section 161.211 of the Texas Family Code.  Section 161.211 provides:








Notwithstanding Rule 329,
Texas Rules of Civil Procedure, the validity of an order terminating the
parental rights of a person who has been personally served or who has executed
an affidavit of relinquishment of parental rights . . . is not subject to
collateral or direct attack after the sixth month after the date the order was
signed.

Tex. Fam. Code Ann.
'
161.211(a).  At the conclusion of the January 25 preliminary hearing, the trial
court ruled appellant had not met her burden of establishing a prima facie case
for the bill of review. 

An appellant must attack all independent grounds
that fully support an adverse ruling.  Britton v.Texas Dept. of Criminal
Justice, 95 S.W.3d 676, 681 (Tex. App.CHouston [1st Dist.] 2002
no pet.)  It is undisputed that appellant executed an affidavit of
relinquishment of her parental rights.  It is also undisputed that the judgment
terminating appellant=s parental rights was signed by the trial
judge on July 19, 2004, and appellant=s Original Petition for Bill of Review was
not filed until November 14, 2005Cmore than fifteen months after the date
the order was signed.   Therefore, we hold that appellant=s bill of review is
barred by the six month limitation period in section 161.211 of the Texas
Family Code.  Tex. Fam. Code Ann.
'
161.211(a).  Because we resolve this appeal on the basis of limitations,
we need not address appellant=s other issues.

Accordingly, the judgment of the trial court is
affirmed.

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered and
Memorandum Opinion filed November 21, 2006.

Panel consists of
Justices Anderson, Hudson, and Guzman.

 









[1]
To preserve the parties=
privacy, we identify the parent by first name and the children by initials.  See
Tex. Fam. Code Ann. ' 109.002(d) (Vernon 2002).





[2]
Brazoria County Children=s Protective Services is a unit of the Texas Department
of Family 

& Protective Services. 

 





[3]
The trial court=s Judgment Terminating the Parent-Child Relationships provides: 

[Appellant] did not appear having waived issuance of
citation, process and notice by waiver duly filed. . . . The Court finds by
clear and convincing evidence that [appellant] has voluntarily executed an
irrevocable affidavit of relinquishment of parental rights.  The court also
finds by clear and convincing evidence that termination of the parent-child
relationships between [appellant] and the children is in the best interests of
the children.  IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the parent-child
relationships between [appellant] and the children are terminated. 

 





[4]
The Texas Family Code provides that A[a] direct or collateral attack on an order
terminating

parental rights based on an unrevoked affidavit of
relinquishment of parental rights or affidavit of waiver of interest in a child
is limited to issues relating to fraud, duress, or coercion in the execution of
the affidavit.@ Tex. Fam. Code
Ann. ' 161.211(c) (Vernon 2002). 





[5]
Appellee=s
Supplemental Motion to Dismiss Petitioner=s
Bill of Review asserts:

ANotwithstanding Rule 329, Texas Rules of Civil
Procedure, the validity of an order terminating the parental rights of a person
who has been personally served or who has executed an affidavit of relinquishment
of parental rights or an affidavit of waiver of interest in a child or whose
rights have been terminated under Section 161.002(b) is not subject to
collateral or direct attack after the sixth month after the date the order was
signed.@ See Tex.
Fam. Code Ann. ' 161.211(B). [sic]

The Petitioner admits in her Petition that the Final
Judgment was signed on July 19, 2004.  The Petition for Bill of Review was not
filed until November 14, 2005, one year and four months after Judge
Craft signed the Order.             

The Petitioner has failed to file her Petition in a
timely manner, and thus may not seek remedy under a Bill of Review.             





[6] Rule 90 of the Texas Rules of Civil Procedure provides:


Every defect, omission or fault in a pleading either
of form or substance, which is not specifically pointed out by exception in
writing and brought to the attention of the judge in the trial court before the
instruction or charge to the jury or, in a non-jury case, before the judgment
is signed, shall be deemed to have been waived by the party seeking reversal on
such account; provided that this rule shall not apply as to any party against
whom default judgment is rendered.

Tex. R.
Civ. P. 90.

 





[7] The trial court=s
Order Denying Petition for Bill of Review states: AOn January 25, 2006, the court considered [appellant]=s Petition for Bill of Review.  After considering the
petition, the response, and after a hearing on the petition and receiving
evidence, the court DENIES the petition.@