# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00089-CV

**Co-Plane, LLC, Appellant**

**v.**

**The State of Texas, The City of San Antonio, Texas,
The Advanced Transportation District of San Antonio, Texas and
The Transit Authority of San Antonio MTA, Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GV-11-000432, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Co-Plane, LLC seeks to appeal the district court's grant of summary judgment in favor of The State of Texas, The City of San Antonio, Texas, The Advanced Transportation District of San Antonio, Texas, and The Transit Authority of San Antonio MTA, Texas (collectively, the "State"). The State brought suit against Co-Plane to recover allegedly delinquent sales and use taxes, interest, and penalties, and shortly thereafter filed a motion for final summary judgment. *See* Tex. Tax Code Ann. § 110.010 (West 2008). On November 3, 2011, following a hearing, the district court granted the State's motion and signed a final summary judgment in favor of the State. Co-Plane filed its notice of appeal on December 30, 2011, and the State now moves to dismiss the appeal. We will dismiss the appeal for want of jurisdiction.

Rule 26.1 of the Texas Rules of Appellate Procedure provides that an appeal is perfected in a civil case when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. Tex. R. App. P. 26.1. When a motion for new trial has been filed, notice of appeal must be filed within ninety days after the judgment is signed. *Id.*

In this case, Co-Plane filed a motion for new trial on December 30, 2011. Because Co-Plane filed its motion for new trial more than thirty days after the judgment was signed, its motion for new trial was untimely. *See* Tex. R. Civ. P. 329b (providing that motion for new trial must be filed within thirty days after judgment is signed). Because Co-Plane's motion for new trial was untimely, its notice of appeal was due thirty days from November 3, which was December 5, 2011. *See* Tex. R. App. P. 4.1 (providing that if last day of period is on Saturday, Sunday, or legal holiday then period extends to end of next day that is not). Co-Plane's notice of appeal was not filed until December 30, 2011, twenty-five days late.

In response, Co-Plane does not dispute that it received timely notice of the trial court's judgment or that it filed its notice of appeal after the deadline set forth in rule 26.1. Rather, Co-Plane urges this Court to consider its late notice of appeal as an implied request for an extension of time to file a notice of appeal. An appellate court may extend the time to file a notice of appeal if, within fifteen days after the deadline, the party seeking to appeal files a notice of appeal in the trial court and files a motion for an extension of time to file notice of appeal in compliance with rule 10.5(b) in the appellate court. Tex. R. App. P. 26.3; *see* Tex. R. App. P. 10.5(b) (providing that motions to extend time must contain specific information). Further, a motion for extension of time is implied when an appellant files a notice of appeal within fifteen days of the deadline for filing

2

a notice of appeal. *Vergburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, once the fifteen-day period for filing a motion for extension of time under rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *See id*. Because Co-Plane's notice of appeal was filed beyond the fifteen-day period allowed for filing a motion for extension, it cannot operate as an implied motion for extension of time.[1]

Because Co-Plane's notice of appeal was untimely and cannot operate as an implied motion for extension of time, we lack jurisdiction to consider this appeal. We therefore dismiss the cause for want of jurisdiction and overrule all pending motions as moot, including the State's motion to dismiss. *See* Tex. R. App. P. 42.3.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed:  July 12, 2012

_____

[1] Co-Plane also argues that its failure to timely file its notice of appeal was the result of misinformation regarding filing deadlines provided by staff at the district clerk's office and explains that in such cases a trial court may grant a bill of review. Co-Plane contends that "the rule should be applied in the present case." However, a bill of review is an independent, equitable proceeding to set aside a default judgment and is commenced by filing an original petition in the trial court. *See Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979) (describing procedure for bill of review). A bill of review has no application to this appeal.