

IN THE
TENTH COURT OF APPEALS

No. 10-12-00048-CV

MARTHA MARIA SARABIA,

Appellant

v.

BELINDA DIANE BURNETTE,

Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. C-2012-00042

MEMORANDUM OPINION

Martha Maria Sarabia appeals from the trial court's order denying her petition for bill of review. We affirm.

Background Facts

On February 17, 2009, Sarabia filed suit against Belinda Diane Burnette for negligence. On September 7, 2011, Sarabia was served with notice of intent to dismiss for want of prosecution. The dismissal was set for September 20, 2011, but prior to that date, Sarabia filed a motion to retain. Sarabia alleges in her petition for bill of review,

that on September 15, 2011, she was informed by the trial court clerk that the case was retained and that it had been taken off the dismissal docket.

On October 3, 2011, Sarabia received an order from the court dismissing the case. She filed a motion to reinstate without the required verification, and the trial court denied the motion. After discovering the mistake, Sarabia filed a motion to reconsider. The trial court denied the motion to reconsider because the verification was attached to the motion to reconsider rather than the motion to reinstate. Sarabia then filed a motion to reinstate with proper verification, and the trial court denied the motion for lack of jurisdiction. On January 12, 2012, Sarabia filed her petition for bill of review.

## Bill of Review

In her sole issue on appeal, Sarabia argues that the trial court abused its discretion and violated her due process rights by dismissing her petition for bill of review without conducting a hearing. A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003), *cert. den'd*, 541 U.S. 1030 (2004); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). A bill of review is proper where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment, and at the time the bill of review is filed, there remains no such adequate legal remedy still available because, through no fault of the bill's proponent, fraud, accident, or mistake precludes presentation of a meritorious claim or defense. *King Ranch, Inc.*, at 752; *Baker*, 582 S.W.2d at 408. The

grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *King Ranch, Inc.,* at 752. Thus, a bill of review petitioner must ordinarily plead and prove (1) a meritorious cause of action, (2) that the petitioner was prevented from making by the fraud, accident or wrongful act of his or her opponent, and (3) the petitioner was not negligent. *Id.*

The petition for bill of review must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. *Baker,* 582 S.W.2d at 408. The complainant must further allege, with particularity, sworn facts sufficient to constitute a cause of action and, as a pretrial matter, present prima facie proof to support the contention. *See Baker,* 582 S.W.2d at 408. Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion. *Baker,* 582 S.W.2d at 409.

The record does not show that Sarabia presented evidence of a meritorious cause against Burnette. In outlining the procedure for a petition for bill of review, the Court in *Baker* did not require the trial court to conduct a hearing on the petition. The Court found that a preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious "full-blown" examination of the merits. *See Baker,* 582 S.W.2d at 408. We do not find that the trial court abused its discretion in denying the petition for bill of review. We overrule the first issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 16, 2012
[CV06]