**Affirmed and Opinion Filed June 8, 2016**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00807-CV

**IKE S. UGOKWE, Appellant**

**V.**

**SOCA FUNDING, LLC AND SOUTHWEST BANK, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-08129**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Francis

Ike Ugokwe appeals the trial court's summary judgment in favor of SOCA Funding, LLC and Southwest Bank. In four issues, Ugokwe contends appellees failed to establish they were entitled to summary judgment as a matter of law and he raised fact issues. We affirm.

In 2001, JDI Foods Corporation borrowed $140,000 from Southwest Bank by executing a Small Business Administration note. Ugokwe signed on behalf of the corporation and executed a personal guaranty of the corporation's obligation. JDI defaulted on the note, and Southwest made demand on the company as well as Ugokwe. When both refused to pay the balance owing, Southwest sued. JDI was served with process by serving its registered agent, National Registered Agents, Inc., and Ugokwe was served personally with citation. Neither answered or appeared. The trial court granted a default judgment in favor of Southwest on July 10, 2003.

Eleven years later, Southwest sold and assigned its interest in the judgment to SOCA. Ugokwe was served with a writ of garnishment on July 18, 2014 and, in response, filed a petition for bill of review. In his pleading, he asserted he was not served with citation and a copy of the 2003 petition, and sought to vacate the 2003 default judgment. Southwest and SOCA answered and asserted affirmative defenses, including statute of limitations. Both filed motions for summary judgment which the trial court granted.

In four issues, Ugokwe contends the trial court erred by granting summary judgment in favor of Southwest and SOCA because they did not establish they were entitled to judgment as a matter of law and he raised genuine issues of material fact.

We review the trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To succeed in a traditional motion for summary judgment, the movants must establish there are no genuine issues of material fact and they are entitled to judgment as a matter of law. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). When reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Generally, a petition for bill of review must be brought within four years of the rendition of the challenged judgment. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). If, however, a bill-of-review petitioner proves the challenged judgment was obtained through extrinsic fraud, the four-year limitations period may be tolled until the bill-of-review petitioner knew or should have known about the fraud and the judgment. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 221 (Tex. 2015). Extrinsic fraud is fraud

that denies a litigant the opportunity to fully litigate at trial all the rights or defenses that could have been asserted and occurs when a litigant has been misled by his adversary by fraud or was denied knowledge of the suit. *PNS Stores, Inc.*, 379 S.W.3d at 275. A bill of review petitioner must plead and prove his opponent's extrinsic fraud. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003).

In his 2014 bill of review, Ugokwe stated he was not served with citation and a copy of the 2003 petition in the guaranty suit, his "inability to prevent the entry of the Default Judgment was not the result of any fault or negligence of [his]," and the default judgment was no longer appealable or subject to a motion for new trial. Ugokwe did not allege the default judgment was obtained through extrinsic fraud and did not argue JDI had not been served.

After answering, Southwest and SOCA moved for summary judgment, in part, on their affirmative defense of limitations. In support of their motions, they attached copies of the original petition, the guaranty signed by Ugokwe, the verified return of citation showing Ugokwe was served, and the 2003 default judgment. They argued they were entitled to summary judgment because Ugokwe filed his bill of review in 2014, eleven years after the default judgment was entered and well outside the four-year time frame allowed under a bill of review proceeding. Appellees noted Ugokwe did not plead that extrinsic fraud tolled the limitations period.

Once appellees established the bill of review was untimely, the burden shifted to Ugokwe to raise a fact issue on limitations. Although he argued in his response that he did not receive notice and attached his affidavit, along with his wife's affidavit supporting his claim, he did not plead, argue, or present any evidence of extrinsic fraud. Because Ugokwe failed to plead or prove that the four-year limitations period should have been tolled because of extrinsic fraud, we

conclude the trial court did not err by granting summary judgment in appellees' favor. We overrule Ugokwe's four issues.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

150807F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IKE S. UGOKWE, Appellant

No. 05-15-00807-CV     V.

SOCA FUNDING, LLC AND
SOUTHWEST BANK, Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-08129.
Opinion delivered by Justice Francis,
Justices Fillmore and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees SOCA FUNDING, LLC AND SOUTHWEST BANK recover their costs of this appeal from appellant IKE S. UGOKWE.

Judgment entered June 8, 2016.