**Reversed and Remanded and Majority and Concurring Opinions filed August 30, 2016.**

In The

# Fourteenth Court of Appeals

## NO. 14-15-00816-CV

**VERNON KENT MAREE AND FRONT ROW PARKING INC., Appellants**

**V.**

**BALDEMAR (VAL) ZUNIGA, Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1063505**

## C O N C U R R I N G   O P I N I O N

I join my colleagues in the disposition of this case because a preliminary hearing conducted on a bill of review for the purpose of determining a prima facie case is limited to a meritorious defense. *See Caldwell v. Barnes,* 154 S.W.3d 93, 97 (Tex. 2004) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 408-09 (Tex. 1979) (holding that "a bill of review plaintiff is required, as a pretrial matter, to present prima facie proof of a meritorious defense to the underlying cause of action")). Therefore, the trial court erred in resolving pretrial, without the protections of summary judgment practice, whether Appellants had established a prima facie case

on element three regarding the fault or negligence of the defaulted party.

I write separately to point out that the trial court's error was, if not invited, engineered. Appellee set a hearing on its "Motion to Determine Whether Plaintiff has Established Prima Facie Case." As the Majority notes, Appellee did not reference *Baker v. Goldsmith* in the motion. And, although the Majority states that the "order gave notice to the parties of a *Baker v. Goldsmith* preliminary hearing," there is no order in this record referencing *Baker v. Goldsmith*. Instead, it is Appellee's notice setting the hearing on "Defendant's Motion to Determine Whether Plaintiff has Established a Prima Facie Case for a Bill of Review" that gave notice of the hearing, and it does not reference *Baker v. Goldsmith*.

Appellants did little to set the record straight. Appellants' sole reference to *Baker v. Goldsmith* in its response to the motion argued that under this authority Appellants did not even need to establish a prima facie case on meritorious defense. And, Appellee set forth all three of the bill of review elements it needed to prove as part of its case, including fault or negligence.

Finally, in the oral hearing on the motion, neither party referenced *Baker v. Goldsmith*. And, when the trial court requested authority for Appellants' unsupported statement that the hearing should be limited to questions of a meritorious defense, Appellants did not identify or supply *Baker v. Goldsmith*.

Therefore, although we reverse the trial court for failing to properly limit the pretrial "*Baker* hearing," we should also acknowledge that the trial court was never advised it was conducting a *Baker* hearing.


/s/     Sharon McCally
        Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown. (Frost, C.J., majority).

2