# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-17-00469-CV
---

**Brandi K. Stokes, Appellant**

**v.**

**Christopher Lance Corsbie, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-FM-16-005347, HONORABLE TIM SULAK, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellant Brandi K. Stokes appeals from the district court's denial of her petition for bill of review seeking to set aside a modification order concerning Stokes's and appellee Christopher Lance Corsbie's daughter. The district court denied Stokes's petition for bill of review based on its determination that Stokes failed to establish a prima facie meritorious defense. We affirm.

## Background

In December 2015, after contentious litigation culminating with a bench trial, the district court granted Corsbie's motion to modify the parent-child relationship of Corsbie's and Stokes's daughter, E.R.C. The order named Corsbie and Stokes joint managing conservators and among other matters, granted Corsbie exclusive rights to designate the child's primary residence, to consent to physical and mental health-care treatment, and to make education decisions. The district

court ordered Stokes to pay Corsbie $350 per month in child support and to pay $40,000 in attorney fees. Stokes timely appealed from the district court's modification order, but the Texarkana Court of Appeals, upon transfer of the case from this Court's docket, affirmed the district court's order. *See In re E.R.C.*, 496 S.W.3d 270 (Tex. App.—Texarkana 2016, pet. denied), *cert. denied sub nom. Stokes v. Corsbie*, 137 S. Ct. 834 (2017).

In September 2016, Stokes filed a petition for bill of review seeking to set aside the December 2015 modification order. Stokes alleged in her petition that the modification order was rendered as a result of fraud and official mistake. *See Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979) (describing requirements for bill of review). Specifically, Stokes alleged that she had recently discovered new evidence showing that Corsbie and his family withheld discoverable information from her and committed perjury regarding Corsbie's mental health, his family's mental-health history, and threats of violence made against Stokes and their daughter by Corsbie's mentally ill, California-based uncle, James Corsbie. Stokes also alleged that these individuals withheld the same information (or perjured themselves about it) from the trial court and court-appointed professionals, including the psychologist ordered to perform psychological evaluation of the parties. According to Stokes's petition, this evidence was "highly relevant" to the modification proceedings because it confirms that she "was telling the truth about being harassed" and because it reveals "significant family mental health history in the Corsbie family indicating that [Corsbie] is at risk of schizophrenia." She also asserted that the evidence "was so prejudicial" to her that "no reasonable tribunal would have ruled against [her] in the absence of evidence to the contrary."

2

Stokes moved for summary judgment, asserting that the 22 exhibits attached to her motion established as a matter of law that she was entitled to the relief sought in her petition for bill of review. The district court denied Stokes's summary-judgment motion. Thereafter, the district court held a preliminary hearing on Stokes's petition for bill of review to determine whether Stokes had established a prima facie meritorious defense such that she was entitled to a trial on her petition for bill of review. *See id.* (describing bill-of-review process). At the hearing, the district court admitted into evidence the 29 exhibits offered by Stokes, but granted protective orders to the witnesses that Stokes had subpoenaed for the hearing. It is not entirely clear from the record before us, but it appears that the subpoenaed witnesses included the court-appointed psychologist, E.R.C.'s psychologist, and a detective with the Austin Police Department.[1] Ultimately, the district court denied Stokes's petition for bill of review based on the court's determination that Stokes had not established a prima facie meritorious defense to the prior modification order. *See id.* at 409 (requiring trial court to dismiss petition for bill of review "[i]f the court determines that a prima facie meritorious defense has not been made out"). It is from this final judgment that Stokes appeals.

**Discussion**

Stokes raises three issues on appeal, arguing that the district court erred by (1) finding that Stokes had not established a prima facie meritorious defense; (2) denying her motion for

---

[1] The clerk's record does not include the trial subpoenas, but the reporter's record includes motions for protective orders from the court-appointed psychologist and E.R.C.'s psychologist and Stokes's response to a motion for protective order filed by an APD detective.

summary judgment; and (3) granting a protective order as to witnesses Stokes had subpoenaed to testify at the bill-of-review hearing.

**Bill of review**

A bill of review is an equitable action brought by a party to a prior suit who seeks to set aside a judgment that can no longer be challenged by a motion for new trial or appeal. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (citing *Baker*, 582 S.W.3d at 406). To invoke the equitable powers of the court, the bill of review petitioner must file a petition alleging factually and with particularity that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. *Baker*, 582 S.W.2d at 408. The petitioner must further allege, with particularity, sworn facts sufficient to constitute a defense and, as a pretrial matter, present prima facie proof to support the contention. *Id.* A prima facie meritorious defense is shown when the trial court determines "that the complainant's defense is not [automatically] barred as a matter of law[,] and that [she] would be entitled to judgment on retrial if no evidence to the contrary is offered." *Id.* at 409. If a prima facie meritorious defense is shown, the judge then conducts a trial on the merits of the bill of review. *Id.* If, however, a "prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case." *Id.* The preliminary determination of whether "a prima facie meritorious defense is made out" is a question of law. *Id.* at 408–09.

**Prima facie meritorious defense**

In her first and second issues, Stokes argues that it was error for the district court to deny her summary judgment and her petition for bill of review because she established a prima facie meritorious defense, entitling her to a trial on her petition for bill of review. We disagree.

The modification order that Stoke challenges in her bill of review determined custody matters, specifically issues of conservatorship. "The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." Tex. Fam. Code § 153.002. Thus, to be entitled to a trial on her petition for bill of review, Stokes was required to establish a prima facie meritorious defense to the district court's decision that the modification order was in the best interests of the child. *See Baker*, 582 S.W.2d at 408. "A prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that she will be entitled to judgment on retrial if no evidence to the contrary is offered." *Id.* at 408–09 (cleaned up). Reviewing Stokes's evidence de novo and presuming it is true, as we must, *see id*. at 409, we conclude that Stokes would not be entitled to judgment on retrial if no evidence to the contrary is offered. Although a parent's alleged perjury and his and his family's mental health and mental-health history may be factors that a trial court could consider in determining the best interests of the child, they are not the only factors in such a determination. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (listing non-exclusive list of factors that may be considered by court in ascertaining the best interest of child). Thus, even if the trial court did consider the matters alleged by Stokes, those matters would not necessarily be dispositive of the trial court's custody determination on retrial.

We overrule Stokes's first and second issues.

**Witnesses**

In her third issue, Stokes challenges the district court's grant of protective orders to certain witnesses that Stokes subpoenaed for the bill-of-review hearing. Stokes alleges that these witnesses engaged in or witnessed conduct that contributed to the fraud described above, and she contends that she needed them to testify about the alleged fraud in her bill-of-review hearing. On appeal, Stokes argues that the district court's decision to grant protective orders as to these witnesses denied her of her "due process right to examine and confront witnesses," citing the Supreme Court's opinion in *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970) ("In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.").

Assuming without deciding that the district court's actions here constitute error, the error did not cause the rendition of an improper judgment and did not prevent Stokes from properly presenting the case on appeal. *See* Tex. R. App. P. 44.1(a) (reversible error). Stokes argued at the hearing that she had subpoenaed the witnesses to testify about why "they didn't report to the [trial court] that there was a member of [Corsbie's] family that was harassing female family members." Stated another way, Stokes sought to offer testimonial evidence to support her contentions that Corsbie and his family withheld discoverable information from her and committed perjury regarding Corsbie's mental health, his family's mental-health history, and threats of violence made against Stokes and their daughter by Corsbie's mentally ill, California-based uncle, James Corsbie. But in addition to the allegations in her pleadings, the district court allowed Stokes to admit into evidence

6

29 exhibits that generally establish that—in the absence of contrary evidence and resolving any factual disputes in Stokes's favor, *see Baker*, 582 S.W.2d at 409 (noting that "factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination")—

- Stokes complained about being harassed and complained about the harassment to authorities;

- Stokes made discovery requests and asked questions at trial regarding Corsbie's and his family's mental-health history and actions;

- Corsbie knew about and discussed with other people, including his family, his California uncle's mental-health issues and threats against Stokes and their daughter (and that Corsbie reported those threats to the Austin Police Department);

- Corsbie had mental-health issues;

- Corsbie did not provide the information regarding his mental health or his family's mental-health history (including his California uncle's) to Stokes, nor did he provide the names of persons who had that information;

- in deposition, Corsbie's mother denied any knowledge of the mental health history of the Corsbie family; and

- no one ever informed Stokes that she and her daughter had been threatened by Corsbie's California uncle.

The subpoenaed witnesses' testimony—assuming Stokes's assertions regarding the content of that testimony are correct—would have been cumulative of the admitted evidence and as such, given the applicable standard of review, its absence at this stage of the proceeding was not harmful.

We overrule Stokes's third issue.

7

## Conclusion

Having overruled Stokes's appellate issues, we affirm the district court's judgment.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Toth

Affirmed

Filed:   December 28, 2018