**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00216-CV**
_____

**BARNETT CYCLES, LLC, Appellant**

**V.**

**IRA EUGENE CORNSTUBBLE, Appellee**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-11-15740-CV**

_____

**MEMORANDUM OPINION**

Barnett Cycles, LLC appealed the trial court's June 27, 2023 Order Granting Petition for Bill of Review. We questioned whether the order was appealable at this time. In response, Appellant argues the order operates as a final, appealable judgment because the order granting the petition for bill of review reopened Trial Cause Number 21-10-14256 and no further proceedings will occur in Trial Cause Number 22-11-15740-CV.

1

Although a petition for a bill of review attacks directly the judgment rendered in another case, the bill of review proceeding is filed as a separate cause of action. *See generally Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979). "If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case." *Id.* On the other hand, if the trial court determines a prima facie meritorious defense has been shown, the court will conduct a trial. *Id.* In any event, only one final judgment may be rendered in a bill of review proceeding either granting or denying the requested relief. *Id.*

"A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final judgment appealable to the court of appeals or the supreme court." *Kiefer v. Touris*, 197 S.W.3d 300, 309 (Tex. 2006) (quoting *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex.1990)). Because the original case is final and no longer appealable, every issue arising on the merits must be disposed of in the suit on the petition for review. *See id.* (quoting *Tex. Emps.' Ins. Ass'n v. Arnold*, 88 S.W.2d 473, 474 (Tex. 1935). In a bill of review suit, an order that purports to re-open a closed lawsuit may be erroneous, but it is not a final judgment. *See In re Epps*, No. 07-14-00420-CV, 2014 WL 7448497, at *3 (Tex. App.—Amarillo December 31, 2014, orig. proceeding) (mem. op.) ("[T]o the extent the record indicates that the trial court at bar has not

2

convened a trial because it believes that granting the bill of review constituted a final judgment, it is mistaken.").

The trial court's Order Granting Petition for Bill of Review is interlocutory, and we lack appellate jurisdiction.[1] Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a); 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on January 15, 2025
Opinion Delivered January 16, 2025

Before Golemon, C.J., Wright and Chambers, JJ.

---

[1] Appellant neither asked this Court to consider its attempted appeal as a mandamus action nor did it show that it asked the trial court to dispose of the merits in the bill of review case. *See generally CMH Homes v. Perez*, 340 S.W.3d 444 (Tex. 2011); *see also In re Bowe*, No. 14-21-00235-CV, 2021 WL 1972273, at *2 (Tex. App.—Houston [14th Dist.] May 18, 2021, orig. proceeding) (mem. op.) ("Because relator only asked that a final judgment be entered and not a setting on the merits, relator has not established that he is entitled to mandamus relief.").